UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DAVIS PETROLEUM CORPORATION,** | ) | Case No. 06-20152 |
| | ) | |
| **DAVIS OFFSHORE, L.P., and** | ) | Case No. 06-20153 |
| | ) | |
| **DAVIS PETROLEUM PIPELINE, LLC,** | ) | Case No. 06-20154 |
| | ) | |
|       **Reorganized Debtors.** | ) | **Jointly Administered under Case No.** |
| _____ | ) | **06-20152** |
| | ) | |
| **THE NANCY SUE DAVIS TRUST,** | ) | |
| | ) | |
|       **Plaintiff,** | ) | Adv. No. 06-02062 |
| | ) | |
|       v. | ) | |
| | ) | |
| **DAVIS PETROLEUM CORPORATION,** | ) | |
| **DAVIS OFFSHORE, L.P., DAVIS** | ) | |
| **PETROLEUM PIPELINE, LLC, DAVIS** | ) | |
| **PETROLEUM ACQUISITION CORP.,** | ) | |
| **DAVIS PETROLEUM HOLDINGS** | ) | |
| **CORP., DAVIS OFFSHORE PARTNERS,** | ) | |
| **LLC, DAVIS PETROLEUM** | ) | |
| **INVESTMENT LLC, AND ALBERT S.** | ) | |
| **CONLY, LIQUIDATING TRUSTEE** | ) | |
| **UNDER LIQUIDATING TRUST** | ) | |
| **AGREEMENT OF DAVIS PETROLEUM** | ) | |
| **CORPORATION, DAVIS OFFSHORE,** | ) | |
| **L.P. AND DAVIS PETROLEUM** | ) | |
| **PIPELINE, LLC,** | ) | |
| | ) | |
|       **Defendants.** | ) | |
| _____ | | |

**MOTION OF NEW DAVIS DEFENDANTS AND EVERCORE CAPITAL PARTNERS II,
LP FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE,
<u>MOTION OF NEW DAVIS DEFENDANTS FOR A PRETRIAL CONFERENCE</u>**

      Defendants Davis Petroleum Acquisition Corp., Davis Offshore Partners, LLC (collectively, the "<u>Acquisition Companies</u>"), Davis Petroleum Corp., Davis Offshore, L.P., Davis

Petroleum Pipeline, LLC (collectively, the "<u>Davis Operating Entities</u>"), Davis Petroleum Investment, LLC, and Davis Petroleum Holdings Corp. (together with the Acquisition Companies and the Davis Operating Entities, "<u>New Davis</u>"), joined by Evercore Capital Partners II, LP ("<u>Evercore</u>")[1] hereby move the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "<u>Rules</u>"), made applicable herein pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of a protective order:

> (i) clarifying and limiting the nature and scope of discovery which the parties may conduct in connection with the Order dated March 12, 2007 (the "<u>March 12 Order</u>") which converted the Motions for Judgment on the Pleadings filed by New Davis and Albert S. Conly, Liquidating Trustee (collectively, the "<u>Defendants</u>") into Motions for Summary Judgment (the "<u>Dispositive Motions</u>");[2]
>
> (ii) permitting defendants and third parties to designate certain categories of commercially sensitive documents as "Highly Confidential" under the terms of a protective order applicable to all documents produced in this action;
>
> (iii) limiting the scope of the subpoenas served by plaintiff The Nancy Sue Davis Trust ("<u>Plaintiff</u>") on multiple third parties and by New Davis on the interest holders and their counsel[3] in accordance with the rulings on this Motion, and

---

[1] Evercore, one of the non-parties served with a subpoena by Plaintiff, joins this Motion for Protective Order, which also serves as its objection under Rule 45(c), made applicable herein pursuant to Bankruptcy Rule 9016. In addition, this Motion is submitted by New Davis to obtain the Court's ruling with respect to the proper scope of third party discovery with respect to the various third party subpoenas served by Plaintiff.

[2] The following papers were submitted by the parties in connection with the Dispositive Motions: Albert S. Conly, Trustee's Motion for Judgment on the Pleadings to Dismiss First Amended Complaint of Nancy Sue Davis Trust to Revoke Order of Confirmation [Adv. Docket No. 28]; New Davis' Motion for Judgment on the Pleadings [Adv. Docket No. 29] with supporting Affidavit of Mayer Bick [Adv. Docket No. 30] and Affidavit of Jane Rue Wittstein with Exhibits [Adv. Docket No. 31]; Opposition of Plaintiff the Nancy Sue Davis Trust to Motions of New Davis Defendants and Albert S. Conly, Trustee, for Judgment on the Pleadings [Adv. Docket No. 37] ("<u>Plaintiff's Opposition</u>") with supporting Declaration of Howard Steinberg Pursuant to Rule 56(f) [Adv. Docket No. 38] ("<u>Steinberg Declaration</u>"); New Davis' Reply to Plaintiff's Opposition to Motion for Judgment on the Pleadings [Adv. Docket No. 41]; Defendant Trustee's Reply to Plaintiff's Opposition to Motion for Judgment on the Pleadings [Adv. Docket No. 42]; Post Hearing Brief of Plaintiff the Nancy Sue Davis Trust re Motions for Judgment on the Pleadings [Adv. Docket No. 44]; and Post Hearing Submission of New Davis Defendants in Support of Motions of New Davis and Albert S. Conly, Trustee for Judgment on the Pleadings [Adv. Docket No. 46].

[3] New Davis has served the other members of the Davis Family and their counsel with document subpoenas and, in certain instances, deposition subpoenas, in the event the Court directs that unlimited discovery is to proceed. New Davis is prepared to narrow the scope of these subpoenas, or withdraw them in their entirety, depending on the outcome of this Motion.

suspending the third parties' obligation to respond to the subpoenas pending this Court's ruling; and

(iv) such other and further relief as this Court deems just and proper.

In the alternative, to the extent discovery is not sufficiently narrowed so as to prevent Defendants and third parties from being subjected to inordinate costs and expense in connection with the Dispositive Motions, New Davis moves the Court pursuant to Rule 16(a), made applicable herein pursuant to Bankruptcy Rule 7016, for an order directing the parties, and inviting interested third parties, to appear before the Court for a pretrial conference to discuss, *inter alia*, expediting the resolution of the case. In support of this Motion, New Davis respectfully represents as follows:

**Preliminary Statement**

1.   In response to this Court's March 12 Order granting the parties a period of sixty (60) days to conduct discovery and submit any additional pleadings, affidavits, or briefs with respect to the Dispositive Motions, Plaintiff has served voluminous discovery requests on Defendants, calling for the disclosure of over 100 categories of documents, and served subpoenas on, to date, eleven third parties,[4] calling for the production of broad categories of documents, all seeking documents for a time period dating from January 1, 2004 (more than two years pre-Confirmation) until the present (more than one year post-Effective Date). Plaintiff's discovery requests are not confined to the limited allegations raised in Plaintiff's complaint of fraud in the Confirmation process based on very specific claims regarding alleged non-disclosed

---

[4] To New Davis' knowledge, Plaintiff has served subpoenas on, to date, Richardson Barr Financial Group, Inc., Richardson Barr Securities, Inc., Richardson Barr Energy, Inc. (collectively, "Richardson Barr"), Dan Armel, FTI Consulting, Inc. ("FTI"), Evercore, Willem Mesdag, Red Mountain Capital Partners LLC ("Red Mountain"), Netherland, Sewell & Assocs., Inc. ("Netherland Sewell"), Gregg Davis, and ML Petrie Parkman & Co. ("Petrie Parkman"). Richardson Barr has separately filed a Motion for Protective Order with respect to Plaintiff's subpoenas [Adv. Docket No. 52], which is currently scheduled to be heard on April 30, 2007. Counsel for New Davis and for the Liquidating Trustee will coordinate with the Court's clerk and counsel for the parties to obtain a date for a hearing for the consideration of these Motions.

NYI-3981184                                                3

conflicts of interest, which have been fully rebutted in Defendants' Dispositive Motions, and go well beyond the discovery which Plaintiff claimed would be necessary if Defendants' motions were treated as summary judgment motions in Plaintiff's counsel's Rule 56(f) affidavit (which focused solely on the issue of equitable mootness).[5]

2. The subpoenas and Requests for Production are overbroad both in terms of time period and scope and call for the production of tens of thousands of electronic and paper documents, effectively seeking to re-litigate issues that could and should have been raised at Confirmation. Neither Defendants nor third parties should be required to expend what collectively will amount to thousands of hours of time and hundreds of thousands of dollars on limitless discovery that is not targeted to responding to the very specific proof adduced by Defendants in the Dispositive Motions.

3. Alternatively, New Davis requests that the Court schedule this matter for a pretrial conference (in person or telephonic) with parties and their counsel required to be in attendance before allowing a process to unfold which will consume tremendous resources from the parties, the Court, and third parties. In the interests of judicial economy, New Davis suggests that all interested parties, including the interest holders who have not elected to join Plaintiff in this action, be invited to participate in this pretrial conference, both as third parties subject to

---

[5] Plaintiff's counsel's previously filed Rule 56(f) affidavit and prior representations to the Court attested only to the need for discovery on the issue of equitable mootness and unclean hands. Despite addressing the issue on multiple opportunities, Plaintiff never expressed a need to undertake discovery except on the issues raised by Defendants' equitable mootness defense. See Plaintiff's Opposition, ¶ 5 ("Discovery is necessary to ascertain what monies were paid out as well as received by the Evercore Group and the extent of New Davis' dealing."); id. at ¶ 76 ("To date, no discovery is allowed in this adversary proceeding and the ND Trust needs to conduct discovery to address issues pertaining to equitable mootness if the Court determines that it has applicability to a § 1144 complaint."); Steinberg Declaration at ¶¶ 4-7] (discovery required for purposes of summary judgment is information on equitable mootness and unclean hands); Transcript of Motion Hearing, December 5, 2006 [Adv. Docket No. 45], p.6, ll. 19-24 ("If they want to bring a Rule 56 motion and allow me an opportunity to conduct discovery and prepare myself, I'm happy to meet their equitable mootness argument."); id. at p.104 ll. 18-25, p. 105 ll. 1-8 (expressing need for discovery regarding substantial consummation).

NYI-3981184 4

discovery to the extent this action proceeds, and as the interest holders who, at the end of the day, may bear the costs of significant additional expenses being incurred by the Liquidating Trust and reducing the recovery for all interest holders.

4.     Accordingly, New Davis respectfully requests that this Court (i) issue a protective order limiting the permissible scope of discovery, or (ii) in the alternative, issue an order scheduling a pretrial conference for the parties and all interest holders at the Court's earliest convenience.

## Jurisdiction and Venue

5.     This Court has jurisdiction over the matter and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

## Background

6.     On March 10, 2006, this Court entered an order (the "Confirmation Order") confirming the Joint Plan of Reorganization of Davis Petroleum, Davis Offshore, L.P., and Davis Petroleum Pipeline, LLC. (the "Debtors") dated March 7, 2006 (the "Plan"). The Plan provided for the immediate sale of the Debtors to a group of buyers led by Evercore pursuant to a prepackaged plan of reorganization that was overwhelmingly approved prior to the chapter 11 filing by the only impaired class under the Plan, the equity holders of the Debtors (the "interest holders"), with only Plaintiff not voting to accept the plan.

7.     Although disgruntled with the deal from the outset, Plaintiff and her then-counsel, Michael Diamond, Esq., head of the Litigation Department in the Los Angeles office of Milbank, Tweed, Hadley & McCloy, elected not to file or state any objection to confirmation of the Plan, nor did Plaintiff appeal from or seek a stay of the Confirmation Order. As a matter of law, once

the time to appeal from the Confirmation Order expired, all issues that could have been litigated as part of the Plan and Confirmation process became barred by the Confirmation Order under the doctrine of *res judicata* – including any issues or concerns that Plaintiff now seeks discovery of with respect to the FTI Liquidation Analysis, the scope of the releases under the Plan, and the pricing and other terms of the transaction pursuant to which Evercore and its co-investors acquired the Davis Operating Entities.

8. On September 6, 2006, Plaintiff commenced this action seeking to revoke the Plan under 11 U.S.C. § 1144, alleging that the Confirmation Order was procured by fraud. In the Complaint, Plaintiff pointed to an agreement for advisory services between Gregg Davis and Red Mountain Capital Partners, dated January 31, 2005 (the "Red Mountain Agreement") and argued that a "fraud" was perpetrated on the Court in the procurement of the Confirmation Order based on the alleged non-disclosure of conflicts of interest on the part of Red Mountain and Gregg Davis.[6]

9. On October 27, 2006, New Davis and Albert S. Conly, Liquidating Trustee separately filed motions for judgment on the pleadings seeking dismissal of the action pursuant to Rule 12(b) and 12(c) on the grounds that the complaint failed to state a claim for fraud and, alternatively, that the action was barred by the doctrine of equitable mootness. See Adv. Docket Nos. 28-33, 41, 42.

10. Finding that matters outside of the pleadings were presented and not excluded, the Court issued the March 12 Order determining that Defendants' motions under Rule 12(b) and 12(c) be treated as motions for summary judgment. The March 12 Order permitted the parties 60

---

[6] Plaintiff claims to have only become aware of the Red Mountain Agreement after it was attached to a Proof of Claim filed by Red Mountain in April, 2006.

days from March 12 to conduct further discovery and file any supplemental pleadings, affidavits or briefs on the issues presented. By agreement, the parties stipulated to entry of an Agreed Order extending this period to ninety (90) days. [Adv. Docket No. 54].

11. Since the March 12 Order, Plaintiff served two sets of Document Requests addressed to New Davis (annexed hereto as Exhibit A) and the Liquidating Trustee (annexed hereto as Exhibit B), each seeking the production of over 100 categories of documents for the time period beginning January 1, 2004 up to and including the date of the responses.

12. Plaintiff has also issued subpoenas to eleven third parties demanding a broad category of documents for the time period beginning January 1, 2004 up to and including the date of the response. The subpoenas to Evercore, Gregg Davis, Daniel Armel, FTI, Netherland Sewell, Petrie Parkman, Willem Mesdag, Red Mountain, Richardson Barr Financial Group, Inc., Richardson Barr Securities, Inc. and Richardson Barr Energy, Inc. are annexed hereto as Exhibits C, D, E, F, G, H, I, J, K, L and M respectively.

13. The scope of these requests is virtually unlimited, seeking all documents relating to the Davis Operating Entities' assets, finances, oil reserves, communications concerning possible financial transactions, and valuation information from January 1, 2004 to the present. Rather than focusing on the allegations of the complaint, which rested on an alleged undisclosed conflict of interest which purportedly tainted the good faith, arms' length nature of the Confirmation process, Plaintiff is seeking to embark on a fishing expedition to attack the terms of the Original Evercore Deal and of the Plan on bases that could and should have been raised, if ever, at Confirmation.

14. Counsel for New Davis and counsel for Plaintiff have conferred in good faith to resolve their discovery disputes, but are at an impasse and require direction from this Court on the scope and nature of the discovery that should be permitted on the Dispositive Motions.

15. On the issue of whether there was fraud in the procurement of the Confirmation Order, New Davis submits that the Plaintiff should not be permitted to engage in a fishing expedition seeking to reopen every aspect of the year-long process in which the Plaintiff was an active participant represented by competent counsel. Instead discovery should be focused on whether the alleged conflicts of interest of Red Mountain and Gregg Davis were "hidden" as alleged in the complaint, or disclosed to or known by the relevant parties, as established by admissible proof on the Dispositive Motions. Under these circumstances, New Davis submits that the unlimited discovery which Plaintiff seeks of Defendants and third parties should be limited to focus on the issues that are material to deciding the pending Dispositive Motions, i.e., (i) whether the alleged non-disclosed conflicts of interest were in fact disclosed; and, if and only if Plaintiff can come forward with any admissible proof on this threshold issue, then (ii) whether the Plan, and the Original Evercore Deal which it was founded upon, were in any event the product of the voluntary, arms' length process represented to the Court (in which all of the interest holders and their counsel participated), and (iii) whether the Confirmation Order issued based on the uncontroverted record that the Plan represented the best prospect for the interest holders to achieve a recovery and for the Debtors to successfully reorganize such that any alleged nondisclosures were immaterial in the context of the confirmation of the Plan.

16. On the issue of equitable mootness, New Davis submits that the legal issue of whether the doctrine of equitable mootness should be invoked turns on (i) whether the Plan has been substantially consummated and (ii) whether third parties have entered into transactions with

New Davis in reliance on the Plan. To that end, Defendants are prepared to provide Plaintiff with the documents supporting the Affidavits filed as part of the Dispositive Motions and to make witnesses available for questioning with respect to the contents of their Affidavits. Plaintiff has rejected this offer, and seeks broad categories of documents regarding the current financial performance and asset values of the Davis Operating Entities, which go far beyond the narrow issue presented on the Dispositive Motions of whether the Court should exercise its discretion to refuse to revoke the Confirmation Order based on the incontrovertible record of the substantial consummation of the Plan and of the myriad transactions with third parties attested to in the Bick Affidavit and Conly Affidavit.

17. New Davis further seeks to have the Court order that discovery be limited to the time period between September 1, 2004 and March 31, 2006 (with the exception of documents, or summaries thereof, relating to the substantial consummation and post-Effective Date transactions placed at issue by the Dispositive Motions).[7] This would include documents concerning the knowledge, awareness, facts or events occurring within the time period September 1, 2004 through March 31, 2006, notwithstanding the actual date of the document or communication.

18. Counsel have also met and conferred in good faith regarding the form of a protective order[8] governing the handling of confidential and privileged information exchanged during the course of discovery. Plaintiff has requested the production of documents relating to highly proprietary and commercially sensitive financial information, contracts, communications

---

[7] Plaintiff and the Liquidating Trustee are continuing to discuss the scope of responsive documents on this issue.

[8] The form of the protective order (the "Protective Order") exchanged by the parties is annexed hereto as Exhibit N.

with investors, and other documents, many of which are subject to agreements with other parties requiring their confidential treatment. If the permitted discovery is broad enough to require production of such documents, then New Davis defendants and Evercore request that the producing party be permitted to designate these documents, whether in the possession of New Davis, the Liquidating Trustee, or third parties, as "Highly Confidential" to protect such documents at a heightened level of confidentiality.

## Argument

**I.   The Court Should Rein In The Scope Of Discovery Sought By Plaintiff.**

19.   Federal courts possess "broad power pursuant to Federal Rule of Civil Procedure 26(c) to control the method and scope of permissible discovery." Sunbelt Sav. FSB, Dallas Texas v. Amrecorp Realty Corp., 730 F.Supp. 741, 747 (N.D. Tex. 1990). Rule 26(c) provides that a court may make an order, for good cause, to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1) that the disclosure or discovery not be had . . . (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . [or] (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way[.]" FED. R. CIV. P. 26(c). Rule 26 also states that discovery shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden of expense of the proposed discovery outweighs its likely benefit . . . .

FED. R. CIV. P. 26(b)(2). Here, a protective order should issue because good cause is shown, as

required by Rule 26(c), and because the conditions of Rule 23(b)(2) are satisfied. Not only will Defendants' and third parties suffer undue expense in responding to overbroad and irrelevant requests, but further, Plaintiff does not require the information sought for purposes of the pending Dispositive Motions.

20. Protective orders are particularly appropriate to prevent a plaintiff from seeking discovery concerning matters which are not relevant to the subject matter of the pending suit. See, e.g., Sunbelt, 730 F. Supp. at 747 (vacating as abuse of discretion magistrate's order allowing discovery when the scope of the discovery exceeded the bounds of the relevant inquiry). In fact, where the plaintiff has not made any specific factual allegations concerning the subject matter to which discovery is directed, a court's failure to limit the plaintiff's discovery would impermissibly condone a "fishing expedition." Hinton v. Entex Inc., 93 F.R.D. 336, 337 (E.D. Tex. 1981) (limiting plaintiff's state-wide discovery requests concerning employment discrimination to facility at which plaintiff was employed).

21. In the present case, Plaintiff demands the production of certain broad categories of documents dated up until the present time to embark upon a fishing expedition, expanding the scope of its original complaint and the issues before the Court on the pending Dispositive Motions. For example, Plaintiff demands New Davis' current valuations and post-Effective Date oil and gas reserve reports in connection with Plaintiff's claim of alleged fraud in the procurement of the Confirmation Order, even though these documents were not available to any of the parties prior to Confirmation. Moreover, post-Effective Date valuation documents are not relevant to the value of the company or the knowledge of the parties at the time of the Confirmation Order since they are tied to the fluctuations in prices and the market and reflect the value of New Davis only after substantial infusions of capital by New Davis, significant changes

to management and oversight of a new board, the curing of the Davis Operating Entities' defaults with drilling partners and the entry into new financing arrangements with lenders. The Court should limit Plaintiff's discovery requests on the ground that the information sought exceeds the scope of the complaint and the issues before the Court on the Dispositive Motions, as discussed above, and instead seeks to reopen all the issues which could and should have been raised, if ever, at Confirmation.

22. Plaintiff's discovery demands are also overly broad in that they seek documents from January 1, 2004 up to and including the present. The allegations in the complaint, in contrast, are focused on events subsequent to the death of Marvin Davis in September 2004 when the surviving members of the Davis family began to explore ways to "monetize" their interests in the Davis Operating Entities. [E.g., Docket # 4, ¶ 14]. As pled in the complaint, the Davis Operating Entities did not even begin to seek out a capital infusion until early 2005. Id. at ¶ 23. Further, all of the alleged "fraudulent conduct" took place, by definition, prior to the March 10, 2006 Confirmation Order approving the Plan, which became effective on the Effective Date, March 31, 2006. Thus, to the extent Plaintiff seeks discovery for the periods of time either (a) prior to Marvin Davis' death or (b) after the Effective Date (with the exception of the limited discovery on the issue of substantial consummation, as discussed *supra* at ¶¶ 16-17), such requests are simply irrelevant and unduly burdensome. 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040 (2d ed. 2007) ("[Court] has discretion whether to limit discovery to matters occurring in a particular period of time").[9]

---

[9] See also Houdry Process Corp. v. Commonwealth Oil Refining Co., 24 F.R.D. 58, 63-65 (S.D.N.Y. 1959) (restricting discovery in dispute relating to licensing agreements to period of one year prior to date of execution of the basic license agreements); Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc., Case No. 05-2164, 2007 WL 950282, at *3 (D. Kan. Mar. 26, 2007) (holding discovery request extending to time period before party was incorporated was not "facially relevant"); In re National Medical Imaging, L.L.C., Case No. 05-

## II. Commercially Sensitive Information Should Be Permitted To Be Designated "Highly Confidential".

23. Plaintiff's Document Requests and subpoenas to third parties seek broad categories of proprietary and extremely sensitive information dated before and after the Effective Date concerning, for example: (i) valuations and analyses of the Davis Operating Entities and New Davis' financial performance, assets, oil reserves, drilling prospects, and other highly sensitive economic data; (ii) leases and other contracts with third parties; (iv) communications between New Davis and investors, and (v) other types of commercially sensitive information. These categories of information are in many instances subject to confidentiality provisions with other parties, and New Davis, Evercore, and third parties would be severely prejudiced if this information were disclosed to competitors or disseminated in violation of underlying agreements. To the extent New Davis and third parties are required to produce documents reasonably identified in good faith by the producing party as highly proprietary and commercially sensitive documents, then New Davis requests that the producing party be permitted to designate such documents "Highly Confidential" as set forth in the draft Protective Order attached hereto as Exhibit N to ensure these documents are afforded a heightened degree of confidentiality.

24. This relief is necessary to ensure that access to such highly confidential documents is restricted to a limited group of individuals who agree to abide by the terms of the Protective Order and that such documents are not attached to public filings, except under seal.

---

(continued…)

12714, 2005 WL 3299712, at *2 (Bankr. E.D. Pa. 2005) (finding temporal scope of subpoenas "excessive and unlikely to lead to information bearing on whether [p]utative [d]ebtors were generally paying their debts" as they became due).

The proposed Protective Order provides a mechanism for Plaintiff to challenge a producing parties' designation of materials as "Highly Confidential."

### III. The Court Should Circumscribe Third Party Discovery To Conform To The Scope Of Permitted Discovery.

25. As noted above, Plaintiff has to date served subpoenas on the following third parties: Dan Armel, Richardson Barr, FTI, Evercore, Willem Mesdag, Red Mountain, Netherland, Sewell, Gregg Davis and Petrie Parkman.[10] Each of these subpoenas is overbroad as to time period, seeking documents from January 1, 2004 to the present.

26. In addition, in many instances, the documents sought are largely duplicative of documents that are sought from New Davis or the Liquidating Trustee, and which are more properly obtained from Defendants, to the extent relevant. In other instances, the documents sought represent the highly confidential and proprietary information of the third parties, which is part of those parties' internal proprietary work product and was never shared with Evercore, the Independent Director, the Davis Operating Entities or any other outside party.[11]

27. Moreover, the subpoenas served on third parties, as with the Document Requests, generally seek information that goes well beyond the information relevant to the issues raised in the Dispositive Motions, and instead seek broad categories of information as part of Plaintiff's fishing expedition to reopen issues which are barred by the finality of the Confirmation Order.

---

[10] Notice of this Motion and any hearing scheduled will be provided to these third parties' counsel (to the extent known), as well as to the interest holders' counsel, in the event they wish to heard on the issues raised by this Motion.

[11] Additionally, as explained in the Motion for Protective Order filed by Richardson Barr Energy, Inc., Richardson Barr Securities, Inc., Richardson Barr Financial Group, Inc., Plaintiff's requests would from some parties require disclosure of electronically stored information from sources that are not reasonably accessible.

28. As such, New Davis submits that this Court should exercise its authority to manage the discovery process and issue a protective order under Rule 26(c) to conform the third party discovery in accordance with the rulings on this Motion.

### IV. The Court Should Alternatively Schedule A Pretrial Conference To Address Possible Means Of Expediting The Resolution Of This Matter.

29. In the event the Court is not prepared to enter an order significantly narrowing the scope of Plaintiff's proposed discovery such that all discovery can be completed and this matter can be fully briefed before the current June 11, 2007 deadline, New Davis requests that the Court schedule this matter for a pretrial conference at the Court's earliest opportunity, and order that all parties' discovery obligations be suspended pending the outcome of such a conference. New Davis urges that all parties and their counsel be required to attend any such conference, either in person or telephonically. New Davis further suggests that all interest holders who are not participants in this action be invited to participate in such a conference, since all interest holders are affected by the scope of discovery directly as third party witnesses and indirectly as the stakeholders in the Liquidating Trust. Such a conference is highly advisable because all the interested parties should understand the consequences before a process is permitted to unfold which will consume tremendous resources from the parties, the Court, and third parties, and which, at the end of the day, may result in significant additional expenses being asserted against or incurred by the Liquidating Trust, reducing the recovery for all interest holders.

### Conclusion

30. Despite the good faith efforts of the parties, Plaintiff and Defendants have been unable to reach a resolution regarding the scope of discovery and the treatment of confidential information for purposes of complying with the Court's March 12 Order. In New Davis' view, the breadth of the discovery sought by Plaintiff is needlessly burdensome both to the Defendants

and to third parties.  Additionally, if this expansive discovery is permitted, it is absolutely essential that an order be entered to protect New Davis' and the third parties' highly confidential and proprietary information.  Moving in the alternative, New Davis submits that unless discovery is to be circumscribed to the specific facts placed at issue in the Dispositive Motions as outlined herein, the Court should schedule a pretrial conference to facilitate expediting the resolution of this matter.

WHEREFORE, New Davis respectfully requests that this Court:  (i) issue an Order setting forth the parameters for discovery in this matter, (ii) issue a Protective Order in substantially the form attached hereto as Exhibit N, (iii) in the alternative, schedule a pretrial conference to explore expediting the resolution of this matter; and (iv) provide such other and further relief as the Court deems just and proper.

Dated:  April 18, 2007                                      Respectfully submitted,

/s/ Jane Rue Wittstein (*by permission*)
Jane Rue Wittstein (JR 3941)
(Admitted Pro Hac Vice)
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Counsel for Defendants Davis Petroleum Acquisition Corp., Davis Offshore Partners, LLC, Davis Petroleum Corp., Davis Offshore, L.P., Davis Petroleum Pipeline, LLC, Davis Petroleum Investment, LLC, and Davis Petroleum Holdings Corp.

Counsel for Non-Party Evercore Capital Partners II, LP

**CERTIFICATE OF COUNSEL**

I, Jane Rue Wittstein, hereby certify the following:

1. I am a member of the firm of Jones Day, counsel for Defendants Davis Petroleum Acquisition Corp., Davis Offshore Partners, LLC, Davis Petroleum Corp., Davis Offshore, L.P., Davis Petroleum Pipeline, LLC, Davis Petroleum Investment, LLC, and Davis Petroleum Holdings Corp. (collectively, "New Davis"). I also represent third-party Evercore Capital Partners II, LP ("Evercore"), in its capacity as a third party served with discovery in this action. I am duly admitted to practice law in the United States District Court for the Southern District of New York and have been admitted *pro hac vice* to appear in the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to this Court's Order Granting Motion For Attorney Jane Wittstein To Appear *pro hac vice*, entered October 10, 2006. [Adv. Docket No. 23].

2. I submit this certification in support of the foregoing Motion For Protective Order Or, In The Alternative, Motion Of New Davis For A Pretrial Conference, which is joined by third party Evercore.

3. My colleague, Marla Bergman, and I have conferred with counsel for Plaintiff and counsel for the Liquidating Trustee in good faith to resolve the discovery disputes between the parties, as evidenced by conversations with counsel for Plaintiff on March 21, March 28, April 13, and April 17, 2007. However, at this point, counsel have reached an impasse and require direction from this Court on the scope and nature of the discovery from the parties and from third parties that should be permitted on the Dispositive Motions, for the reasons set forth in the accompanying motion. Plaintiff's counsel opposes the relief as set forth therein.

                                                 */s/ Jane Rue Wittstein*
                                                 Jane Rue Wittstein

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the Motion Of New Davis Defendants And Evercore Capital Partners II, LP For Protective Order Or, In The Alternative, Motion Of New Davis Defendants For A Pretrial Conference has been served on the following parties or persons via electronic filing, electronic mail or facsimile, where available, and also by first class U.S. Mail on this 18th day of April, 2007.

**Counsel for Plaintiff The Nancy Sue Davis Trust**

| | |
|---|---|
| Howard J. Steinberg | Robin E. Phelan |
| Irell & Manella LLP | Trey A. Monsour |
| 1800 Avenue of the Star, Suite 900 | Haynes and Boone, LLP |
| Los Angeles, CA  90067 | 901 Main Street, Suite 3100 |
| Facsimile No. 310-203-7199 | Dallas, TX  75202 |
| E-mail: hsteinberg@irell.com | Facsimile No. 214-651-5940 |
| | E-mail: robin.phelan@haynesboone.com |
| | E-mail:  trey.monsour@haynesboone.com |

**Counsel for Defendant Albert Conly, Liquidating Trustee and FTI Consulting, Inc.**

| | |
|---|---|
| Rhett G. Campbell | Shelby A. Jordan |
| Mitchell E. Ayer | Nathaniel Peter Holzer |
| Robert L. Paddock | Jordan, Hyden, Womble, Culbreth & Holzer, P.C. |
| Matthew R. Reed | 500 N. Shoreline Blvd., Suite 900 |
| Thompson & Knight LLP | Corpus Christi, Texas  78471 |
| 333 Clay Street, Suite 3300 | Facsimile No. 361-888-555 |
| Houston, Texas 77002 | E-mail:  sjordan@jhwclaw.com |
| Facsimile No. 713-654-1871 | E-mail:  pholzer@jhwclaw.com |
| E-mail: Rhett.Campbell@tklaw.com | |
| E-mail: Mitchell.Ayer@tklaw.com | |
| E-mail: Robert.Paddock@tklaw.com | |
| E-mail: Matt.Reed@tklaw.com | |

| **Counsel for Dan Armel** | **Counsel for Red Mountain Capital Partners/ Willem Mesdag** |
|---|---|
| Jack Hardy | Jonathan Bolton |
| Marc Feinstein | Fulbright & Jaworski L.L.P. |
| O'Melveny & Myers | Fulbright Tower |
| 400 South Hope Street | 1301 McKinney, Suite 5100 |
| Los Angeles, California  90071 | Houston, TX  77010-3095 |
| Facsimile No. 213-430-6407 | Facsimile No. 713-651-5246 |
| E-mail:  jhardy@omm.com | E-mail:  jbolton@fulbright.com |
| E-mail:  mfeinstein@omm.com | |

**Counsel for The Marvin and Barbara Davis Revocable Trust**

Kevin Leichter
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067
Facsimile No. 310-556-2920
E-mail:  kleichter@chrisglase.com

Ed Landry
Musick, Peeler & Garrett

One Wilshire Boulevard, Suite 2000
Los Angeles, CA  90017
Facsimile No. 213-624-1376
E-mail:  e.landry@mpglaw.com

**Counsel for The John Davis Trust**

Eric Waxman
Peter B. Morrison
Skadden, Arps, Slate, Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Facsimile No. 213-621-5010
E-mail:  ewaxman@skadden.com
E-mail:  pmorrison@skadden.com

**Counsel for Gregg Davis**

Bruce Ruzinsky
Jackson Walker
1401 McKinney, Suite 1900
Houston, TX  77010
Facsimile No. 713-308-4155
E-mail:  bruzinsky@jw.com

**Counsel for The Dana Leigh Davis Trust**

Scott Cooper
Proskauer Rose
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Facsimile No. 310-557-2193
E-mail:  scooper@proskauer.com

Brad Ruskin
Proskauer Rose
1585 Broadway, 17th Floor
New York, NY  10036
Facsimile No. 212-969-2900
E-mail:  bruskin@proskauer.com

**Counsel for The Patricia Davis Raynes Trust**

Fred Norton
Boies Schiller & Flexner LLP
1999 Harrison Street, Suite 900
Oakland, CA  94612
Facsimile No. 510-874-1460
E-mail:  fnorton@bsfllp.com

| **Counsel for Netherland Sewell** | **Counsel for Richardson Barr** |
|---|---|
| Don Clayton | David S. Elder |
| Locke Liddell & Sapp | Gardere Wynne Sewell LLP |
| 2200 Ross Avenue, Suite 2200 | 100 Louisiana, Suite 3400 |
| Dallas, TX  75201 | Houston, TX  77002-5011 |
| Facsimile No. 214-740-8800 | Facsimile No. 713-276-6750 |
| E-mail:  dclayton@lockeliddell.com | E-mail:  delder@gardere.com |

**Petrie Parkman**

Tamara Davis or Appropriate Authorized Representative
CT Corporation System
Registered Agent for ML Petrie Parkman & Co.
350 N. Paul Street
Dallas, TX  75201

            */s/ Jane Rue Wittstein*
            Jane Rue Wittstein