# EXHIBIT 62

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY JUDGMENT**

# Exhibit 2

**Davis Asset Detail**

| Assets | | Book Value as of Nov 30, 2005 | Est book value as of Feb 24, 2006 |
|---|---|---:|---:|
| Cash and Cash Equivalents | $ | 3,865,215 | $ 9,090,061 |
| Restricted Cash Equivalents | | 388,031 | - |
| Trade Accounts Receivable | | 16,154,238 | 13,678,119 |
| Prepaid Insurance | | 373,411 | 373,411 |
| Prepaid Seismic | | 2,043,227 | 2,043,227 |
| Other Current Assets | | 4,735 | 4,735 |
| **Total Current Assets** | | 22,832,857 | 25,189,553 |
| | | | |
| Unproven properties | | 8,976,862 | 6,368,390 |
| Well and related equip and facilities, pipeline (less accum dep) | | 56,567,000 | 59,175,472 |
| Net oil and gas properties | | 65,543,862 | 65,543,862 |
| | | | |
| Furniture and Equipment, Net | | 945,590 | 945,590 |
| Computer Equipment, Net | | 383,309 | 383,309 |
| Computer Software, Net | | 48,896 | 48,896 |
| Leasehold Improvements, Net | | 101,467 | 101,467 |
| Trucks and Automobiles, Net | | 22,166 | 22,166 |
| Artwork | | 163,914 | 163,914 |
| Other property and equipment, at cost, net | | 1,665,342 | 1,665,342 |
| | | | |
| Loan Fees (less accumulated amortization) | | 1,074,940 | 1,074,940 |
| Deposits | | 61,927 | 61,927 |
| Life Insurance- Cash Value | | 75,000 | 75,000 |
| Deferred Compensation - Cash Value | | 160,010 | 160,010 |
| Other assets, net | | 1,371,877 | 1,371,877 |
| | | | |
| **Total Assets** | $ | 91,413,938 | $ 93,770,634 |

**Asset Description**

Cash and Cash Equivalents - Cash and cash equivalents are comprised of money market accounts that have original maturity dates of less than three months.

Restricted Cash Equivalents - Cash and cash equivalents with restricted use.

Trade Accounts Receivable - Accrued receivables from oil and gas production as well as joint-interest billings to partners. Recorded at invoice amount and non-interest bearing.

Prepaid Insurance - Prepaid well insurance and seismic charges.

Other Current Assets - Includes stock inventory.

Unproven Properties - Reflects the net book value associated with unproven leases.

Well and Related Equipment and Facilities - The Company uses the successful-efforts method of accounting for the oil and gas producing activities. Under this method of accounting, the tangible and intangible costs of productive wells and development dry holes are capitalized, and dry hole costs of exploratory wells are charged against income when a well is determined to be nonproductive. Capitalized costs relating to producing properties are amortized on the unit-of-production method.

Furniture and equipment, Net - Reflects the book value of furniture and equipment, net of accumulated depreciation.

Computer Equipment, Net - Reflects the book value of computer equipment, net of accumulated depreciation.

Computer Software, Net - Reflects the capitalized cost of computer software, net of accumulated depreciation.

Leasehold Improvements, Net - Reflects the book value of building and leasehold improvements, net of accumulated depreciation.

Trucks and Automobiles, Net - Reflects the book value of company vehicles, net of accumulated depreciation.

Artwork - Reflects the value of artwork, stated at original purchase price.

Loan fees - Capitalized costs associated with the Company's debt, net of accumulated depreciation.

Deposits - Money market deposits with a maturity greater than three months.

Life Insurance (Cash Value) - Present cash value of the Company's life insurance policy for workers.

Deferred Compensation (Cash Value) - Present cash value of the Company's employee contributions to a deferred compensation plan.

**Footnotes**

1 Book values of assets are estimated as of February 24, 2006, except for the following which are as of November 30, 2005: a) prepaid expenses; and d) other assets. The book value of assets as of November 30, 2005 for these assets is deemed to be a reasonable proxy for the purpose of this summary. A reclassification adjustment was made to the net book value of proven properties (moved to producing) in order to reflect the fact that a portion of the assets have transitioned to proven/producing properties since the date of the last reserve analysis.

**Davis Balance Sheet**

|  | Book value as of Nov 30, 2005 |
|---|---|
| **Assets** | |
| Cash and Cash Equivalents | 3,869,215 |
| Restricted Cash Equivalents | 388,031 |
| (a) Trade Accounts Receivable | 16,154,238 |
| Prepaid expenses and other current assets | 2,421,373 |
| **Total Current Assets** | 22,832,857 |
| | |
| Unproved properties | 8,976,862 |
| Well and related equip and facilities, pipeline (less accum dep) | 56,567,000 |
| **Net oil and gas properties** | 65,543,862 |
| | |
| Other property and equipment, at cost, net | 1,665,342 |
| | |
| Other assets, net | 1,371,877 |
| | |
| **Total Asset Value** | 91,413,938 |
| | |
| | |
| **Liabilities and Capital** | |
| Trade accounts payable and accrued liabilities | 12,099,358 |
| Oil and Gas Revenue Liability | 8,272,171 |
| Short Term Notes Payable | 64,261,025 |
| Drilling Advances | 10,956,502 |
| **Total Current Liabilities** | 95,589,056 |
| | |
| Deferred Compensation Liability | 852,061 |
| Deferred Life Insurance Liability | 85,488 |
| Non-Current Asset Retirement Obligation | 3,125,878 |
| **Total Non-Current Liabilities** | 4,063,427 |
| | |
| Common Stock | 100 |
| Paid-in Capital | 72,102,395 |
| Retained Earnings | (68,484,414) |
| Current year income (loss) | (11,856,626) |
| **Total Capital** | (8,238,545) |
| | |
| **Total Liabilities and Capital** | 91,413,938 |

**Davis Liabilities and Capital Detail**

| | Book Value as of Nov 30, 2005 |
|---|---|
| **Liabilities and Capital** | |
| Trade accounts payable and accrued liabilities | 3,140,001 |
| Hedge Loss Settlement | 8,959,357 |
| Oil and Gas Revenue Liability | 8,272,171 |
| Bank of America Term Loan | 20,000,000 |
| Sankaty Series A and B Notes | 23,904,842 |
| Sankaty Bridge Loan | 20,356,183 |
| Drilling Advances | 10,956,502 |
| **Total Current Liabilities** | 95,589,056 |
| | |
| Deferred Compensation Liability | 852,061 |
| Deferred Life Insurance Liability | 85,488 |
| Non-Current Asset Retirement Obligation | 3,125,878 |
| **Total Non-Current Liabilities** | 4,063,427 |
| | |
| Common Stock | 100 |
| Paid-in Capital | 72,102,395 |
| Retained Earnings | (68,484,414) |
| Current year income (loss) | (11,856,626) |
| **Total Capital** | (8,238,545) |
| | |
| **Total Liabilities and Capital** | 91,413,938 |

## *Prepaid Items Detail*

| | |
|---|---|
| Prepaid Insurance | 300,450 |
| Prepaid Seismic | 2,043,226 |
| Stock Inventory | 4,735 |
| Prepaid Insurance | 72,961 |
| Prepaid Total | 2,421,372 |

### *Trade Accounts Receivable*

| | | | |
|---|---|---:|---:|
| DOLLP | Purchaser Receivable | (772,079) | (772,079) |
| DOLLP | Due from DPC | 7,653,182 | 7,653,182 |
| DOLLP | Prebillings Paid | 1,181,803 | 1,181,803 |
| DOLLP | Accrued O&G Income | 485,000 | 485,000 |
| DOLLP | Control of Well Insurance | (323,695) | (323,695) |
| | | | |
| DPL | Trade Acct. Receivable | 121,388 | 121,388 |
| DPL | Due from DPC | 250,000 | 250,000 |
| | | | |
| DPC | Trade Acct. Receivable | 8,446,390 | 8,446,390 |
| DPC | Purchaser Receivable | 4,205,102 | 4,205,102 |
| DPC | Due from Davis Offshore | 9,005,856 | 9,005,856 |
| DPC | A/R Clearing | (3,122) | (3,122) |
| DPC | Prebillings Paid | 205,285 | 205,285 |
| DPC | Acreage Clearing | 2,220 | 2,220 |
| DPC | Accrued O&G Income | 4,872,450 | 4,872,450 |
| DPC | Notes Receivable from Employee | 220,000 | 220,000 |
| DPC | Employee Advances | 1,100 | 1,100 |
| DPC | Life Insurance Policy | 188,579 | 188,579 |
| DPC | Life Insurance Policy | 43,344 | 43,344 |
| DPC | Control of Well Insurance | 54,613 | 54,613 |
| DPC | JIB Suspense | 288,965 | 288,965 |
| DPC | Cutback Clearing | 1,142,000 | 1,142,000 |
| | | 37,268,381 | 37,268,381 |

|  | |
|---|---:|
| Excluded from liquidation analysis | |
| Intercompany Receivables | 16,909,041 |
| Purchaser Receivable | 4,205,102 |
| | |
| Total included on liquidation analysis | 16,154,238 |

C:\temp\notesE1EF34\~8268913.xls
3/2/2006 2:55 PM

DAVIS PETROLEUM CORP
UNDEVELOPED PROPERTIES ANALYSIS FOR PERIOD ENDING 11/30/05

| PROSPECT NUMBER | | NAME | 2005 NET GAAP UNDEV ACREAGE |
|---|---|---|---|
| | | **Houston Prospects:** | |
| DPC | Houston | 34300 West Cypress Island | 1,054.95 |
| DPC | Houston | 68900 Snapper I | 25,104.53 |
| DPC | Houston | 75400 South Duson | 150,223.38 |
| DPC | Houston | 82900 Hog Island | 174,449.36 |
| DPC | Houston | 83900 Port Arthur | 238,483.90 |
| DPC | Houston | 84000 High Island | 21,420.20 |
| DPC | Houston | 84700 Encinal Channel | 75,966.43 |
| DPC | Houston | 85200 Half Moon Shoal | 107,691.07 |
| DPC | Houston | 85300 Wichita Mountain Front JV | 1,328,056.41 |
| DPC | Houston | 85500 C-Note | 50,130.52 |
| DPC | Houston | 85600 Dorado | 174,166.40 |
| DPC | Houston | 85900 East Petry | 57,063.82 |
| DPC | Houston | 86300 Sentinel Deep | 283,433.92 |
| DPC | Houston | 86500 Grouper | 826,352.21 |
| DPC | Houston | 86600 Blowfish | 69,292.72 |
| DPC | Houston | 86700 East Rocky | 505,289.26 |
| DPC | Houston | 86900 Geronimo | 697,964.37 |
| DPC | Houston | 87000 STP-1 | 12,438.98 |
| DPC | Houston | 87100 Fox Hollow | 110,253.51 |
| DPC | Houston | 87200 STP-10 | 0.00 |
| DPC | Houston | 87300 Big Red | 3,268.11 |
| DPC | Houston | 87400 Lake Arthur 2 | 10,701.75 |
| DPC | Houston | 87500 Eagle Point | 161.15 |
| DPC | Houston | 87600 Andrew | 377,923.77 |
| DPC | Houston | 87700 East Henry | 4,486.35 |
| DPC | Houston | 87800 Apache | 197,469.86 |
| DPC | Houston | 87900 Wildhorse Creek | 115,890.00 |
| DPC | Houston | 88000 East Gueydan | 4,427.64 |
| DPC | Houston | 88100 Vacanila Bona | 121.20 |
| DPC | Houston | 88200 SE Dunson | 195,604.02 |
| DPC | Houston | 88300 FYYP | 267,525.82 |
| DPC | Houston | 88400 Permian Anomalies | 26,285.52 |
| DPC | Houston | 88500 Hogback | 20,014.74 |
| DPC | Houston | 88600 Bogey | 125,593.52 |
| DPC | Houston | 88700 Bogey | 2,039.59 |
| DPC | Houston | 88800 North Houma | 5,451.90 |
| DPC | Houston | 89000 Pierre Past | 129,857.38 |
| DPC | Houston | 89100 SW Summer Island | 158.00 |
| DPC | Houston | 89200 Kloche | 6,828.49 |
| DPC | Houston | 89300 Southwest Section 28 | 1,319.05 |
| DPC | Houston | 89400 Dolphin | 266,028.20 |
| DPC | Houston | 89500 Porpoise | 675.00 |
| DPC | Houston | 89600 Hardhead | 248,256.78 |
| DPC | Houston | 89700 Boomerang | 14,468.41 |
| DPC | Houston | 89800 Great Wall | 2,395.61 |
| DPC | Houston | 89900 Duncan | 4,441.71 |
| DPC | Houston | 90000 Main River | 1,085.80 |
| | | **Houston Bal per G/L** | 6,941,314.66 |
| | | **Denver Prospects:** | |
| DPC | Denver | 12200 Sand Creek | 851.20 |
| DPC | Denver | 34780 North Mountain | 49,704.15 |
| DPC | Denver | 34930 Dugan | 54,743.44 |
| DPC | Denver | 35940 Western Nebraska | 987.50 |
| DPC | Denver | 81500 Anadarko Basin | 519.60 |
| DPC | Denver | 34470 Firewalker | 26,547.90 |
| DPC | Denver | 34510 Caliber | 26,987.43 |
| DPC | Denver | 34540 West Greybull | 90,148.19 |
| DPC | Denver | 34560 Big Hollow | 269,054.46 |
| DPC | Denver | 34570 Area 4 | 143,890.89 |
| DPC | Denver | 34580 South Todd | 10,896.95 |
| DPC | Denver | 34590 Unnamed | 6,721.50 |
| DPC | Denver | 34610 Yellow Point | 14,323.55 |
| DPC | Denver | 34650 Loco Creek | 9,120.20 |
| DPC | Denver | 34690 Buck Basin | 15,734.75 |
| DPC | Denver | 34700 North Schrader | 102,504.46 |
| DPC | Denver | 34760 Saddle | 2,045.29 |
| DPC | Denver | 34810 North Coulee | 69,592.10 |
| DPC | Denver | 34920 North Area 4 | 190.16 |
| DPC | Denver | 35190 Ghost Island | 807.22 |
| DPC | Denver | 35930 SE Wyoming Project Ares | 899.41 |
| DPC | Denver | 35340 Goshen County Project | 13,456.29 |
| DPC | Denver | 35390 Glonill Reservoir | 12,830.30 |
| DPC | Denver | 35400 Goshen Rim | 2,040.74 |
| DPC | Denver | 35410 Cherry Creek | 3,176.64 |
| DPC | Denver | 35470 Ole Tex | 148,639.24 |
| DPC | Denver | 35510 Millies Hill | 9,989.49 |
| DPC | Denver | 35520 Smith Ranch | 16,083.76 |
| DPC | Denver | 35530 Corn Creek | 7,292.48 |

C:\temp\notesE1EF34\~8268913.xls

3/2/20062:55 PM

DAVIS PETROLEUM CORP
UNDEVELOPED PROPERTIES ANALYSIS FOR PERIOD ENDING 11/30/05

| | | PROSPECT NUMBER | NAME | 2005 NET GAAP UNDEV ACREAGE |
|---|---|---|---|---|
| DPC | Denver | 35550 | Bear Creek II | 58,716.11 |
| DPC | Denver | 35590 | Willow Creek | 34,133.06 |
| DPC | Denver | 35600 | North Walker Creek | 244,622.11 |
| DPC | Denver | 35630 | Red Bird | 81,356.98 |
| DPC | Denver | 35640 | Blue Bird | 116,247.26 |
| DPC | Denver | 35780 | Lobo Land | 6,263.00 |
| DPC | Denver | 35820 | LeBar | 53,519.51 |
| DPC | Denver | 35870 | Eastside | 24,275.86 |
| DPC | Denver | 35890 | Raqqep Ridge | 30.00 |
| DPC | Denver | 35900 | Trend Acreases | 42,443.60 |
| DPC | Denver | 35910 | West Steinle Ranch | 21,861.80 |
| DPC | Denver | 35960 | Blazer Hill | 138,588.01 |
| DPC | Denver | 35970 | Southwest Kaye | 75.00 |
| DPC | Denver | 35980 | Northwest Mikes Draw | 50.00 |
| DPC | Denver | 31318 | Powder Clip | 20,327.71 |
| DPC | Denver | 31427 | Agard | 36,343.13 |
| DPC | Denver | 31430 | All Night Creek | 82.00 |
| DPC | Denver | 31438 | Cedar Mountain | 16,417.75 |
| DPC | Denver | 34580 | South Todd | 3,486.00 |
| | | 34860 | West Willow Creek | 17,110.49 |
| | | | **Houston Bal per G/L** | **2,025,728.67** |

# Exhibit 2A

**SUMMARY OF NSA RESERVE REPORT AS OF JULY 1, 2005**

**TOTAL PROVED RESERVES - PRESENT WORTH AT 10% - $113,227,100**

| State | Field | PDP Cum P.W. 10.000% M$ | PDNP Cum P.W. 10.000% M$ | PUD Cum P.W. 10.000% M$ | Totals |
|---|---|---|---|---|---|
| **Davis Petroleum Corp. Properties** | | | | | |
| Louisiana | Bosco, S. Field, Acadia Parish | 10.5 | | | 10.5 |
| | Grosse Isle Field, Vermilion Parish | 157.3 | | | 157.3 |
| | Gueydan, E. Field, Vermilion Parish | 5.8 | | | 5.8 |
| | Lake Arthur Field, Jefferson Davis Parish | 6918.8 | | | 6918.8 |
| | Leleux Field, Vermilion Parish | 358.4 | 5329.3 | | 5687.7 |
| | Leroy, N Field, Vermilion Parish | 80.6 | | | 80.6 |
| | Maurice Field, Lafayette Parish | 506.6 | | 1406.6 | 1913.2 |
| | Perry Point Field, Acadia Parish | 250.8 | | | 250.8 |
| | Petry, S Field, Vermilion Parish | 323.5 | -252.7 | 2074.2 | 2145.0 |
| | Riceville Field, Vermilion Parish | 0.0 | | | 0.0 |
| | Ridge, SW Field, Lafayette Parish | 0.0 | 99.3 | | 99.3 |
| | **Subtotal:** | **8612.3** | **5175.9** | **3480.8** | **17269.0** |
| Oklahoma | Marlow, S Field, Stephens County | 138.0 | 10.4 | | 148.4 |
| | **Subtotal:** | **138.0** | **10.4** | | **148.4** |
| Texas | Cedar Point Field, Chambers County | | 789.5 | | 789.5 |
| | Chimney Bayou Field, Chambers County | 0.0 | | | 0.0 |
| | Donna Field, Hidalgo County | 434.8 | | | 434.8 |
| | Eagle Bay Field, Galveston County | 19026.7 | 0.0 | 3471.3 | 22498.0 |
| | Festus Field, Galveston County | 0.0 | | | 0.0 |
| | Harbor City Field, San Patricio County | 3990.0 | 1181.3 | | 5171.3 |
| | Mustang Island 882 Field, Galveston County | 0.0 | | 214.9 | 214.9 |
| | State Tract 132 Field, San Patricio County | | 626.3 | 1200.6 | 1826.9 |
| | Turtle Bay Field, Chambers County | 0.0 | 578.8 | | 578.8 |
| | Umbrella Point Field, Chambers County | 4054.8 | 1849.1 | | 5903.9 |
| | Vinceburg Field, Chambers County | 1497.7 | 2922.6 | | 4420.3 |
| | **Subtotal:** | **29004.0** | **7947.6** | **4886.8** | **41838.4** |
| Wyoming | Osborne Springs Field, Sweetwater County | 1.4 | | | 1.4 |
| | Red Lake Field, Sweetwater County | 242.3 | | | 242.3 |
| | Vermillion Field, Sweetwater County | 0.0 | | | 0.0 |
| | **Subtotal:** | **243.7** | | | **243.7** |
| | **Total Davis Petroleum Corp. Properties:** | | | | **59499.5** |
| **Davis Offshore Properties** | | | | | |
| Federal Offshore | Green Canyon 157 | -85.9 | 2082.7 | 39862.8 | 41859.6 |
| | Green Canyon 199 | | | 11868.0 | 11868.0 |
| | **Subtotal:** | **-85.9** | **2082.7** | **51730.8** | **53727.6** |
| | **Total Davis Offshore Properties:** | | | | **53727.6** |
| | **Total All Properties:** | **37912.1** | **15216.6** | **60098.4** | **113227.1** |

# EXHIBIT 63

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN
SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE
DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND
ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY
JUDGMENT**



| **From:** | Davis, Gregg <GDavis@davcos.com> |
|---|---|
| **Sent:** | Friday, February 17, 2006 3:32 PM |
| **To:** | Markus, James <jmarkus@velaw.com>; Rhett.Campbell@tklaw.com; Huynh, An <ahuynh@alvarezandmarsal.com>; Swick, Dean <DSwick@alvarezandmarsal.com>; Miller, G Christopher <g.christopher.miller@bankofamerica.com>; Matthews, Jim <jmatthews@velaw.com>; Johnston, Tim <tjohnston@velaw.com>; Conly, Albert <albert.conly@fticonsulting.com>; Mitchell, John <jmitchell@velaw.com> |
| **Subject:** | RE: Davis Petroleum Reserve Update- Timing |

All, regarding timing on updated NSA Report:

-We have transferred all production and cost data over the last month.

-We have met with NSA in person on the more relevant onshore properties.

 -We are meeting NSA in our offices Today for an update of the offshore properties.

 -From that time, we could expect a first try roll up preliminary run in 2 weeks or about March 6.

-We would then have a version reasonably close to the final report by March 20.

Regards, Gregg Davis

---

**From:** Markus, James [mailto:jmarkus@velaw.com]
**Sent:** Thursday, February 16, 2006 3:25 PM
**To:** Rhett.Campbell@tklaw.com
**Cc:** Huynh, An; Swick, Dean; Davis, Gregg; Miller, G Christopher; Matthews, Jim; Johnston, Tim; albert.conly@fticonsulting.com; Mitchell, John
**Subject:** Davis conference call tomorrow (Friday)

Rhett:

This will confirm our conference call tomorrow (Friday) at 3:00 pm, central time, to obtain an update from you and your client.  The dial in number is the same as our last conference call, which is 1-888-690-3810 and the passcode is 2207836.

We look forward to speaking with you.

**James A. Markus**
Partner
**Vinson & Elkins LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3800
Dallas, Texas 75201-2975
Tel 214.220.7836
Fax 214.999.7836
jmarkus@velaw.com

To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.


......CONFIDENTIALITY NOTICE......

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.


Thank You.

# EXHIBIT 64

**INTENTIONALLY REMOVED AS HIGHLY CONFIDENTIAL.**

**TO BE FILED UNDER SEAL**

# EXHIBIT 65

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN
SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE
DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND
ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY
JUDGMENT**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DAVIS PETROLEUM CORPORATION,** | § | CASE NO. _____ |
| | § | |
| **DAVIS OFFSHORE, L.P. and** | § | CASE NO. _____ |
| | § | |
| **DAVIS PETROLEUM PIPELINE LLC,** | § | CASE NO. _____ |
| | § | |
| **DEBTORS.** | § | **JOINTLY ADMINISTERED** |
| | § | **UNDER CASE NO. _____** |

## PROFFER OF TESTIMONY OF
## ALBERT CONLY IN SUPPORT OF
## <u>CONFIRMATION OF PLAN UNDER 11 USC SECTION 1129</u>

If called to testify, Albert Conly would testify as follows:

My name is Albert Conly. I am a Senior Managing Director with FTI Consulting, Inc. in the corporate reorganization practice. Attached is a true and correct copy of my curricula vita.

On February 14, 2006, I was retained by Davis Petroleum Corporation, Davis Offshore, L.P., and Davis Petroleum Pipeline LLC (collectively referred to herein as "Debtors") to provide financial consulting and advisory services in connection with a recapitalization and possible Chapter 11 bankruptcy case.

In the course of my duties as financial advisor, I have had occasion to examine the books and records of the Debtors and analyze the Debtors' assets, reserve reports, liabilities, cash flow needs, weekly and monthly expenditures, and related financial information. I also had extensive discussions with Debtors' senior management. In connection with the plan and recapitalization transaction with Evercore Capital Partners II, LP ("Evercore"), I analyzed the purchase price which will be generated by the transaction and estimated the distributions to creditors under the plan and the equity holders of the Debtors. I also analyzed the assets and liabilities for purposes of preparation of an asset evaluation summary for the plan.

I caused to be prepared under my direction <u>Exhibit 2</u> to the Disclosure Statement, which is the Summary of the Assets of the Debtors. To prepare this exhibit, we reviewed the book values of the oil and gas, cash and personal property assets of the Debtors. As set forth in the chart, we concluded that the book value of the assets of the Debtors as of February 24, 2006 is $93,770, 634.

NEWD00005275

I caused to be prepared under my direction Exhibit 4 to the Disclosure Statement, which is the Liquidation Analysis. We assumed two cases, a high and a low estimate of value. We concluded and Exhibit 4 demonstrates that in the low case, unsecured creditors and equity holders would not receive anything from a liquidation of assets. In the high case, unsecured creditors would receive approximately $500,000 to be shared among $21.6 million of claims. In the high case, secured creditors are paid in full; in the low case, only Bank of America is paid in full, and the second lienholder is not paid in full, receiving $34 million towards payment of $44 million of debt.

We prepared an analysis of the proposed Evercore transaction, and it is Exhibit 11 to the Disclosure Statement. Exhibit 11 shows that all creditor classes can be paid in full from the transaction proceeds, leaving $31.5 million for other claims and equity. The only claims that we know of that were excluded from this analysis are (i) the officer and director indemnity claims relating to the Raynes litigation (ii) post-Effective Date costs of administration of the Liquidating Trust; and (iii) other rejection claims that may arise. After payment of all costs attributable to the transaction, all trade creditors and subject to other adjustments, the Liquidating Trust will have the following assets: (a) applicable insurance polices and (b) the amount of $31,478,127. The Liquidating Trust assets will be more than adequate to pay all claims and enable the equity holders of the Debtors to receive more than they would in a chapter 7 liquidation.

In addition to the above, I have examined and am familiar with the outstanding debt owed by the unsecured creditors to the Debtors. Under the Evercore proposal, the Debtors will be debt-free and Evercore will contribute the amount of $40 million to the Reorganized Debtors after the closing. This amount is sufficient to cover all of the outstanding AFE's and required capital expenditures in addition to operating expenses on a go forward basis for the Debtors. Therefore, I conclude that the Plan is feasible and it is unlikely that this case would be followed with further liquidation.

I also examined alternatives to the Evercore transaction including a traditional Chapter 11 with a Debtor-in-Possession loan and a five month period to market the properties. In my opinion, such alternatives would yield less to equity than the current proposal. Due to the Debtors' liquidity crises and the risk of Davis Offshore's most valuable properties being put in non-consent status, it is my view that approval of the prepackage joint plan is the best alternative for all creditors and interest holders.

NEWD00005276

Respectfully submitted,

_____

**RHETT G. CAMPBELL**
State Bar No. 03714500
Phone:  713 653 8660
Rhett.Campbell@tklaw.com
**DIANA W. WOODMAN**
State Bar No. 21942300
Phone:  713 951 5830
Diana.Woodman@tklaw.com
**MITCHELL E. AYER**
State Bar No. 01465500
Phone:  713 653 8638
Mitchell.Ayer@tklaw.com
**ALLISON BYMAN**
State Bar No. 24040773
Phone:  713 951 5899
Allison.Byman@tklaw.com
**MATTHEW R. REED**
State Bar No. 24046693
Phone:  713 653 8695
Matt.Reed@tklaw.com
**THOMPSON & KNIGHT LLP**
333 Clay Street, Suite 3300
Houston, Texas 77002
Phone: 713-654-8111
Fax:  713-654-1871
**Attorneys for Davis Petroleum Corp.,
Davis Offshore, L.P., and
Davis Petroleum Pipeline LLC**

**OF COUNSEL:**

**SHELBY A. JORDON
JORDAN, HYDEN, WOMBLE,
CULBRETH & HOLZER, P.C.**
500 North Shoreline Dr., Suite 900
Corpus Christi Texas, 78471
Phone:  (361) 884-5678
Fax:  (361) 888-5555
sjordan@mail.jhwclaw.com

NEWD00005277

# EXHIBIT 66

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY JUDGMENT**

**THIS PAGE INTENTIONALLY LEFT BLANK**

# EXHIBIT 67

**INTENTIONALLY REMOVED AS HIGHLY CONFIDENTIAL.**

**TO BE FILED UNDER SEAL**

# EXHIBIT 68

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY JUDGMENT**

**ORIGINAL**

FORM B10 (Official Form 10) (Rev. 4/05)

| United States Bankruptcy Court    Southern District of Texas | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**Davis Petroleum Corporation** | Case Number<br>**06-20152** | United States Courts<br>Southern District of Texas<br>FILED<br><br>APR 2 0 2006<br><br>Michael N. Milby, Clerk of Court |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**Red Mountain Capital Partners LLC**<br><br>Name and address where notices should be sent:<br>**See Attached**<br><br><br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | This space is for Court Use Only |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends   a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**
☐ Goods sold
☒ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Last four digits of SS#: _____

Unpaid compensation for services performed
from _____ to _____
(date)         (date)

**2. Date debt was incurred:** January 31, 2005

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 500,000.00
(unsecured)   (secured)   (priority)   $500,000.00 (Total)

If all or part of your claim is secured or entitled to priority, also complete item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim. – See Attached**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral:   $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Nonpriority Claim** $ 500,000.00
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

Date 4/18/06   Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)   _____ Willem Mesdag, Partner

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1138144.2

**Exhibit "C"**

**Attachment to Proof of Claim**
**In re Davis Petroleum Corporation, Case Number 06-20152**

*Name and address where notices should be sent:

    Red Mountain Capital Partners LLC
    Attention: Willem Mesdag
    10100 Santa Monica Boulevard
    Suite 925
    Los Angeles, CA 90067
    Telephone: (310) 432-0202

    - and -

    Munger, Tolles & Olson LLP
    Attention: Thomas B. Walper
    355 South Grand Avenue, 35th Floor
    Los Angeles, California 90071-1560
    Telephone: (213) 683-9193

1.    Basis for Claim:

    Red Mountain Capital Partners LLC ("Red Mountain") is party to that certain letter agreement by and among Red Mountain, Gregg J. Davis ("Mr. Davis"), and Davis Petroleum Corporation ("Davis Petroleum"), dated January 31, 2005 (the "Advisory Services Agreement") attached as Exhibit 1 hereto. Pursuant to the Advisory Services Agreement, Red Mountain was retained by Mr. Davis, personally and in his capacity as President of Davis Petroleum, to advise Mr. Davis, his management and Davis Acquisition Corp., their prospective acquisition vehicle (collectively, the "DPC Management") in connection with a contemplated acquisition of Davis Petroleum by the DPC Management and its selected private equity partner (the "Transaction"). A majority of Davis Petroleum's shareholders approved of the contemplated Transaction as necessary to provide essential new capital for Davis Petroleum and to generate shareholder liquidity, and therefore granted Mr. Davis broad authority to effectuate the Transaction, including the authority to enter into the Advisory Services Agreement. Subsequent to the execution of the Advisory Services Agreement, Mr. Davis solicited transaction proposals from numerous potential private equity partners and requested and received the advisory services of Red Mountain in connection with such proposals (the "Services"). Any such proposal and any negotiated variation thereof, if consummated, constituted a "Transaction" as defined in the Advisory Services Agreement.

    Under the terms of the Advisory Services Agreement, Red Mountain was entitled to a fee of $10,000 per month (the "Monthly Retainer") plus, upon the consummation of a Transaction, an additional transaction fee equal to the greater of $250,000 or 0.5% of the new capital raised to complete the Transaction excluding capital used to acquire existing Davis Petroleum shares (the "Success Fee"). Because the contemplated Transaction was an acquisition

1176524.9

2

of Davis Petroleum by the DPC Management and its selected private equity partner, the Advisory Services Agreement provided that Red Mountain was retained to advise the DPC Management rather than Davis Petroleum. Nevertheless, it was the clear intent and understanding of the parties that the Services were for the benefit of Davis Petroleum and its shareholders and that any Transaction would be subject to the approval of Davis Petroleum. Accordingly, under the terms of the Advisory Services Agreement, Davis Petroleum guaranteed the payment of Red Mountain's fees, provided office space for Red Mountain and agreed to indemnify Red Mountain in connection with the Services. Consistent with such understanding, Red Mountain received and relied on the unambiguous oral agreements and assurances of Mr. Davis, in his capacity as President of Davis Petroleum, that Red Mountain's advisory fees under the Advisory Services Agreement would be a direct obligation of Davis Petroleum to the extent they were not satisfied by any other party to a Transaction. Such oral agreements and assurances had the effect of amending the Advisory Services Agreement so as to provide that Davis Petroleum was directly liable for Red Mountain's advisory fees thereunder. In reliance on Mr. Davis's oral agreements and assurances, Red Mountain provided the Services from January 31, 2005 through October 26, 2005 and Davis Petroleum directly assumed the payment obligations therefor, as evidenced by its regular and unqualified payment of the Monthly Retainer during that period and its acknowledgment of its obligation to pay the Success Fee in connection with the Original Evercore Deal (as defined and described below).

On October 26, 2005, Davis Petroleum, acting through its independent director, Dan Armel (the "Independent Director"), entered into an agreement with Evercore Advisors, L.P., the DPC Management's selected private equity partner ("Evercore"), to negotiate exclusively the terms of a transaction (the "Original Evercore Deal") subject to further due diligence, definitive documentation and shareholder approval. As of such date, Red Mountain ceased to provide the Services and Davis Petroleum ceased to pay the Monthly Retainer; however, an obligation to pay the Success Fee pursuant to the Advisory Services Agreement remained in effect. Mr. Davis confirmed that the consummation of the Original Evercore Deal, as a Transaction under the Advisory Services Agreement, would trigger the Success Fee, that the Success Fee was an obligation of Davis Petroleum, and that the Success Fee would be in the amount of 0.5% of new capital raised to complete the Transaction excluding any capital used to acquire existing Davis Petroleum shares (as represented by the equity value received in the Transaction by the Davis Petroleum shareholders). In connection with the closing of the Original Evercore Deal, the Independent Director agreed to a Success Fee of $600,000 and negotiated a contribution of $300,000 toward such obligation from Evercore.[1]

Ultimately, Davis Petroleum was not able to secure 100% shareholder approval for the Original Evercore Deal; however, it subsequently agreed with Evercore to consummate a

---

[1] Davis Petroleum's obligation to pay the Success Fee and Evercore's contribution thereto under the Original Evercore Deal (as well as Davis Petroleum's obligation to pay the Monthly Retainer) is set forth on Exhibit 12 to the Debtor's Disclosure Statement. Based on the terms of the Original Evercore Deal ($195 million of new capital raised less an estimated $75 million of equity value received in the Transaction by the Davis Petroleum shareholders, leaving net new capital in the amount of $120 million raised to complete the Transaction), the Success Fee was calculated to be $600,000. The Success Fee in the Revised Evercore Deal is larger ($800,000) because the amount of new capital required to complete the Transaction was larger.

1176524.9

3

substantially similar transaction (with revised terms) in connection with its prepackaged plan of reorganization (the "Revised Evercore Deal"). As a negotiated variation of the Original Evercore Deal, the Revised Evercore Deal is a Transaction under the Advisory Services Agreement and, as such, entitled Red Mountain to a Success Fee upon its closing on March 31, 2006. In connection with the Revised Evercore Deal, Mr. Davis reconfirmed his oral agreements and assurances that the Success Fee was a direct obligation of Davis Petroleum and would be payable upon the closing to the extent it was not paid by Evercore. Consistent with such oral agreements and assurances, Red Mountain requested payment of the Success Fee from Davis Petroleum and Evercore prior to the closing of the Revised Evercore Deal. Acknowledging its agreement to contribute $300,000 to the Success Fee in the Original Evercore Deal, Evercore agreed to contribute the same amount to Red Mountain's Success Fee for the Revised Evercore Deal, and made such payment at the closing. Davis Petroleum, through its counsel, advised Red Mountain that it would not pay the balance of the Success Fee at the closing and invited Red Mountain to file a proof of claim. Accordingly, Red Mountain has a claim against Davis Petroleum for the balance of the Success Fee in the amount set forth in this proof of claim.

4.     Total Amount of Claim at Time Case Filed:

As of Davis Petroleum's March 7, 2006 petition date (the "Petition Date"), Davis Petroleum owed Red Mountain the following amounts:

(i) $250,000, under the terms of the Advisory Services Agreement, for advice to Davis Petroleum on obtaining bridge financing necessary to fund operations until the Transaction could be consummated (the "Bridge Financing Fee"); and

(ii) $800,000 for the Success Fee, which became liquidated and noncontingent upon the closing of the Transaction on March 31, 2006. In accordance with the Advisory Services Agreement, the Success Fee is calculated as 0.5% of the new capital raised to complete the Revised Evercore Deal (which excludes capital used to purchase then existing Davis Petroleum shares). In the Revised Evercore Deal, Evercore paid $160 million to Davis Petroleum at closing and committed to provide Davis Petroleum with an additional $30 million of new capital (for total new capital raised in the amount of $190 million). Of such capital, the amount available for distribution to the former Davis Petroleum shareholders, i.e. the equity value received in the Transaction by the Davis Petroleum shareholders, is estimated to be $30 million. Accordingly, the net new capital raised to complete the Transaction is $160 million and the Success Fee is $800,000.[2]

On March 31, 2006, Red Mountain received: (i) $250,000 from Davis Petroleum for payment of the Bridge Financing Fee and (ii) $300,000 from Evercore as a contribution toward

---

[2] This calculation is the formula set forth in the Advisory Services Agreement and identical to the formula used to calculate the Success Fee under the Original Evercore Deal. The amount of the Success Fee ($800,000) increased from the pre-closing estimate ($775,000) as a result of a decrease in the amount of new capital used to purchase the equity of former Davis Petroleum shareholders from $35 million to $30 million, thereby increasing the net new capital raised to complete the Revised Evercore Deal from $155 million to $160 million. Therefore, the actual amount of the Success Fee due at the closing equals 0.5% of $160 million, or $800,000.

1176524 9

Davis Petroleum's obligation to pay the Success Fee. Accordingly, as of the filing of this proof of claim, Red Mountain's claim against Davis Petroleum is for the balance of the Success Fee in the amount of $500,000.

8.    Supporting Documents:

       Attached to this proof of claim are the following supporting documents:

              Exhibit 1:      A true and correct copy of the Advisory Services Agreement.

Reservation of Rights:

       The claims set forth above are qualified by the following reservation of rights.

       By filing this proof of claim, Red Mountain (i) does not submit to the jurisdiction of this Court for any purpose other than with respect to this proof of claim, (ii) does not waive (and expressly reserves) all of its procedural and substantive defenses to any claim that may be asserted against it by Davis Petroleum, its estate, or any successor entity, or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim, (iii) does not waive (and expressly reserves) any claim, right, or right of action that Red Mountain has or might have against Davis Petroleum, its estate, any successor entity, or any other person, whether such claim, right, or action arises prior to, upon or after the Petition Date, and (iv) does not waive (and expressly reserves) any and all other rights that it may have pursuant to applicable law or agreement.

       Red Mountain reserves the right to (i) amend, update, or supplement this proof of claim and any other proof of claim filed in this case in any manner and for any purpose including for the purpose of asserting alternative theories of recovery or a right of setoff, (ii) file additional proofs of claim including proofs of claim asserting alternative theories of recovery, (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507, (iv) seek relief under 11 U.S.C. § 502(c), and (v) seek relief under 11 U.S.C. § 502(j). This proof of claim is not intended to be, and shall not be construed as, an election of remedies, a waiver of any defaults or a waiver or limitation of any rights, remedies, claims, or interests of Red Mountain under the Advisory Services Agreement.

1176524 9

5



716908.1

6

# RED MOUNTAIN CAPITAL PARTNERS LLC

**PERSONAL AND CONFIDENTIAL** 

January 31, 2005

Mr. Gregg J. Davis
President
Davis Petroleum Corp.
1360 Post Oak Blvd., Suite 2400
Houston, TX 77056

Dear Gregg:

This letter confirms the understanding and agreement among Gregg J. Davis ("you"), Davis Acquisition Corp., a company to be formed by you (the "Company"), Davis Petroleum Corp. ("DPC"), and Red Mountain Capital Partners LLC ("Red Mountain") as follows:

Red Mountain has been retained on behalf of and will report solely to you and the Company, notwithstanding that certain agreements in support of Red Mountain's retention are made by DPC herein. As such, Red Mountain's client is, and Red Mountain will provide its services solely to you and the Company (rather than DPC). Red Mountain will serve as your and the Company's advisor in connection with the possible management led buyout of DPC (the "Transaction"). Immediately upon consummation of the Transaction, you shall cause the Company to assume the obligations of DPC hereunder pursuant to a written agreement.

In connection with this engagement, the Company will pay Red Mountain a fee of $10,000 per month, payable on the last day of each month. In addition, upon consummation of the Transaction, the Company agrees to pay Red Mountain at closing a cash fee equal to the greater of $250,000 or 0.5% of the new capital raised to complete the Transaction (but not to include capital that is used to purchase shares from the Davis family).

We also understand that, in order to fund DPC prior to the Transaction, the Company may require DPC and Sankaty Advisors, LLC ("Sankaty") to amend the Sankaty Senior Subordinated Secured Note Agreement and/or to obtain an additional financing commitment from Sankaty (collectively, the "Sankaty Bridge"). Red Mountain will advise the Company and DPC in negotiating the Sankaty Bridge and, if the Sankaty Bridge is successfully negotiated, the Company will cause DPC to pay Red Mountain an additional fee of $250,000 at the closing of the Sankaty Bridge. If the Company and DPC are not able to obtain the Sankaty Bridge, Red Mountain will use its best efforts to propose to DPC a bridge financing facility with net proceeds of up to $17,000,000.

The Company also agrees to reimburse Red Mountain periodically, upon request, for reasonable out-of-pocket expenses incurred in connection with this engagement. In support of Red Mountain's retention by you and the Company, DPC will guarantee payment of Red Mountain's fees hereunder and you and DPC will cause Davis Companies to continue to provide Red Mountain with its current offices and related services unless such offices are subleased by Davis Companies to a third party.

Any written or oral advice provided by Red Mountain in connection with this engagement is exclusively for the information of you and the Company and may not be disclosed to any third party or circulated or referred to publicly without Red Mountain's prior written consent.

This engagement may be terminated by you and the Company or by Red Mountain at any time with or without cause and effective upon receipt of written notice. If this engagement is terminated by you and the Company on or prior to a fee payment date as described above, the Company will pay Red Mountain all fee amounts due through and including such fee payment date and the Company will not owe Red Mountain any amounts with respect to subsequent fee payment dates. If this engagement is terminated by Red Mountain, the Company will pay Red Mountain all fee amounts due through and including the fee payment date prior to the date of termination and will not owe Red Mountain any amount with respect to subsequent fee payment dates. In the event of a termination of this engagement, the Company will continue to be responsible for reasonable out-of-pocket expenses as described above.

It is Red Mountain's policy to receive indemnification in connection with the provision of strategic advisory services. In that regard and in support of Red Mountain's retention by you and the Company, DPC agrees to the provisions with respect to indemnification and other matters set forth in Annex A which is incorporated by reference into this engagement letter. DPC recognizes that, in providing services under this engagement, Red Mountain will rely upon and assume the accuracy and completeness of all financial and other information discussed with or reviewed by Red Mountain for such purposes, and Red Mountain will not assume responsibility for the accuracy or completeness thereof. Red Mountain will not have an obligation to conduct an independent evaluation or appraisal of the assets or liabilities of DPC or any other party.

It is understood and agreed that Red Mountain will act under this engagement as an independent contractor with duties solely to you and the Company. Nothing in this letter or the nature of Red Mountain's services shall be deemed to create an employment, fiduciary or agency relationship between Red Mountain and its employees and the Company, DPC, their shareholders, their directors or their officers. Except as set forth in Annex A hereto, nothing in this letter is intended to confer upon any other person (including shareholders, employees or creditors of the Company or DPC) any rights or remedies hereunder or by reason hereof. Neither Red Mountain nor its employees will have any liability to you, the Company or DPC in connection with or as a result of this engagement or any matter referred to in this letter except to the extent that any losses, claims, damages, liabilities or expenses incurred by you, the Company or DPC result from Red Mountain's or its employees'

8

gross negligence or bad faith in performing the services that are the subject of this letter. ·

Please confirm that the foregoing is in accordance with your understanding by signing and returning to me the enclosed copy of this letter, which will become a binding agreement upon receipt.  We are delighted to accept this engagement and look forward to working with you on this important strategic advisory assignment.

Sincerely yours,

RED MOUNTAIN CAPITAL PARTNERS LLC
By: _____

Willem Mesdag, Managing Partner

Confirmed:
GREGG J. DAVIS
_____

DAVIS PETROLEUM CORP.
By: _____

Gregg J. Davis, President

9

## Annex A

*In the event that Red Mountain Capital Partners LLC ("Red Mountain") or its employees, become involved in any capacity in any action, proceeding or investigation brought by or against any person, including Gregg J. Davis ("you"), Davis Acquisition Corp. (the "Company"), Davis Petroleum Corp. ("DPC"), or their shareholders or creditors, in connection with or as a result of either this engagement or any matter referred to in this letter, DPC periodically will reimburse Red Mountain and its employees for their legal and other expenses (including the cost of any investigation and preparation) incurred in connection therewith. DPC also will indemnify and hold Red Mountain and its employees harmless against any and all losses, claims, damages or liabilities to any such person in connection with or as a result of either this engagement or any matter referred to in this letter, except to the extent that any such loss, claim, damage or liability results from the gross negligence or bad faith of Red Mountain or its employees in performing the services that are the subject of this letter. If for any reason the foregoing indemnification is unavailable to Red Mountain or its employees or insufficient to hold them harmless, then DPC shall contribute to the amount paid or payable by Red Mountain or its employees as a result of such loss, claim, damage or liability in such proportion as is appropriate to reflect the relative economic interests of DPC and its shareholders or creditors on the one hand and Red Mountain and its employees on the other hand in the matters contemplated by this letter as well as the relative fault of you, the Company, DPC and Red Mountain and its employees with respect to such loss, claim, damage or liability and any other relevant equitable considerations. The reimbursement, indemnity and contribution obligations of DPC under this paragraph shall be in addition to any liability which DPC may otherwise have. You, the Company and DPC also agree that Red Mountain and its employees shall not have any liability to you, the Company and DPC or any person asserting claims on behalf of or in right of you, the Company or DPC in connection with or as a result of either his engagement or any matter referred to in this letter except to the extent that any losses, claims, damages, liabilities or expenses incurred by you, the Company or DPC result from the gross negligence or bad faith of Red Mountain or its employees in performing the services that are the subject of this letter. Any right to trial by jury with respect to any action or proceeding arising in connection with or as a result of either this engagement or any matter referred to in this letter is hereby waived by the parties hereto. The provisions of this Annex A shall survive any termination or completion of the engagement provided by this letter, and this letter shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflicts of laws.*

10

| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| The Nancy Sue Davis Trust | Davis Petroleum Corporation, Davis Offshore, L.P., Davis Petroleum Pipeline, LLC, Davis Petroleum Acquisition Corp., Davis Petroleum Holdings Corp., Davis Offshore Partners, LLC, and Albert S. Conly, Liquidating Trustee Under Liquidating Trust Agreement of Davis Petroleum Corporation, Davis Offshore, L.P. and Davis Petroleum Pipeline, LLC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Howard J. Steinberg          Robin E. Phelan<br>Irell & Manella LLP          Trey A. Monsour<br>1800 Avenue of the Stars     Haynes and Boone, LLP<br>Suite 900                    901 Main Street, Suite 3100<br>Los Angeles, CA 90067        Dallas, TX 75202<br>310.277.1010                 214.651.5000 | |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Revoke an Order of Confirmation

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | |
|---|---|
| ☐ 454 To Recover Money or Property | ■ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt. 11 U.S.C. § 523 |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan |

| | |
|---|---|
| ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action | |
| ☐ 459 To determine a claim or cause of action removed to a bankruptcy court | |
| ☐ 498 Other (specify) | |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ■ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | | ☐ JURY DEMAND |
|---|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Davis Petroleum Corporation, et al. | BANKRUPTCY CASE NO. 06-20152 (Jointly Administered) |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING Southern District of Texas | DIVISIONAL OFFICE Corpus Christi Division | NAME OF JUDGE Hon. Richard S. Schmidt |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF None | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ■ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE: 09/05/06 | PRINT NAME Trey A. Monsour | SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Trey A. Monsour |
|---|---|---|

d-1465200

B-104

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Federal Rules of Bankruptcy Procedure, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

d-1465200

BK CM/ECF LIVE - US Bankruptcy Court-Texas Southern                    Page 1 of 5

## Open Adversary Case

### U.S. Bankruptcy Court

### Southern District of Texas

Notice of Electronic Filing

The following transaction was received from Monsour, Trey entered on 9/5/2006 at 3:17 PM CDT and filed on 9/5/2006

| | |
|---|---|
| **Case Name:** | The Nancy Sue Davis Trust v. Davis Petroleum Corporation et al |
| **Case Number:** | 06-02062 |
| **Document Number:** 1 | |
| **Case Name:** | Davis Petroleum Corp. |
| **Case Number:** | 06-20152 |
| **Document Number:** 271 | |

**Docket Text:**
Adversary case 06-02062. (455 (Revoke Plan Confirmation)) Complaint *of The Nancy Sue Davis Trust to Revoke an Order of Confirmation (11 U.S.C. Section 1144)* by The Nancy Sue Davis Trust against Davis Petroleum Corporation, Davis Offshore, L.P., Davis Petroleum Pipeline, LLC, Davis Petroleum Acquisition Corp., Davis Petroleum Holdings Corp., Davis Offshore Partners, LLC, Albert S. Conly, Liquidating Trustee. Receipt Number 0, Fee Amount $250 (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Adversary Cover Sheet) (Monsour, Trey)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\morzakk\Desktop\Complaint.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322117-0]
[0e527a2fd4cfcac7a9e1c398bfd7f15fac54a13391aed4eab2b2429bacd266cc15ff
f0a352fbc2a56f7c612e4e5ea5fa9647ad73e58d0d1000428669a0e9610d]]
**Document description:**Exhibit A
**Original filename:**C:\Documents and Settings\morzakk\Desktop\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322117-1]
[2a1edd8c850c2361449c30ad450ee398b19008e973d95f174bb4ec98b8894cf95335
2df1daeeb7034ff5bb37503674a32763859a6a7aa4d0be29195ece986dd6]]
**Document description:**Exhibit B
**Original filename:**C:\Documents and Settings\morzakk\Desktop\Exhibit B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322117-2]
[668c76b6b8e6b776b8816d9e3d517e8345c6eaa35aad7bf1b8eca6d1018ded2c2aa9
cf60a84eec5881bdb38abbd5e7282cd3c8d2d4fc343426150b08bbb30b17]]
**Document description:**Exhibit C
**Original filename:**C:\Documents and Settings\morzakk\Desktop\Exhibit C.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322117-3]
[1e829aef9a1966f4594dd651a754a7a0d9e1d44ce47043476120a238f67dd60a1bc5

42db571bd0a20ec7fd48cbc6bfa1624cd8b600959d22b269bd5db2df1bca]]
**Document description:** Adversary Cover Sheet
**Original filename:** C:\Documents and Settings\morzakk\Desktop\Adversary Cover Sheet.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322117-4]
[85f330aa5675c343e62807b767c93f8d6d155b3d381942ff043f91e0cca5d53f2de9
e6b55e3c7a1edaa13bc30bbb180cb0650a9f29e649b8ef3ad8e5add29ce4]]

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\morzakk\Desktop\Complaint.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322118-0]
[9cd5165141e76c3dcb539f3d6fadf1170e5e8bf23d9723f854bc6d418e1ff93902ec
8f8ff050d675f08ab118c5aa434f2ee518733dd2b427f44ad91fd929e371]]

**Document description:** Exhibit A
**Original filename:** C:\Documents and Settings\morzakk\Desktop\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322118-1]
[110a4037564cc1746daff4765b9661db839d4c468fe722a9af8421da347ed8d0947e
ff1494a3a5ab1a087f183941233f0339f17a1027e855d75fcf71cb8336c6]]

**Document description:** Exhibit B
**Original filename:** C:\Documents and Settings\morzakk\Desktop\Exhibit B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322118-2]
[aa23ccbea82afb131d5990d0f663e6be356773bf44dd79429ff42ebee4cc46c1220a
659b4ce5177e539f301336c37456d6f78bb0201de778cee9586e14b7f721]]

**Document description:** Exhibit C
**Original filename:** C:\Documents and Settings\morzakk\Desktop\Exhibit C.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322118-3]
[7c0fcd5beabda2696476c57804b01a33cdf6a15229d3103f24189fe6de409be97ca0
79632903620eb8b136ea1d63cb7f49e0b0c5dc3ad17f127534a139e32213]]

**Document description:** Adversary Cover Sheet
**Original filename:** C:\Documents and Settings\morzakk\Desktop\Adversary Cover Sheet.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996787432 [Date=9/5/2006] [FileNumber=13322118-4]
[200997d2b9118b32380118aa9beb498558690d9348b665c07ba8b3111d90ea0ee1d7
bc846c34ed14d6c44564afb9931dc85cd6c830db14af69625133c39f906f]]


**06-02062 Notice will be electronically mailed to:**

Trey A Monsour    monsourt@haynesboone.com,

**06-02062 Notice will not be electronically mailed to:**

Albert S. Conly, Liquidating Trustee
,

Davis Offshore Partners, LLC
,

Davis Offshore, L.P.

1360 Post Oak Blvd., Suite 2400
Houston, TX 77056

Davis Petroleum Acquisition Corp.
,

Davis Petroleum Corporation
,

Davis Petroleum Holdings Corp.
,

Davis Petroleum Pipeline, LLC
,

Robin E Phelan
Haynes and Boone
901 Main St
Ste 3100
Dallas, TX 75202-3789

**06-20152 Notice will be electronically mailed to:**

Johnathan Christiaan Bolton     jbolton@fulbright.com

Craig H Averch     caverch@whitecase.com,

Mitchell E Ayer     mayer@tklaw.com,

Bart James Bellaire     bjbellaire@msn.com, hrsedw@connections-lct.com

Robert Andrew Black     ablack@fulbright.com,

Joseph Randolph Burton     randy@burton-lawfirm.com,

Rhett G Campbell     campbellr@tklaw.com, Nancy.Miller@tklaw.com;Rachel.Locke@tklaw.com

Patricia Reed Constant     prconstant@swbell.net,

Deborah J Greer     djgreer@greerlaw.net, djg@rosensteinlaw.net

Tye Hancock     tye.hancock@tklaw.com

Henry Lee Hardwick     henry.hardwick@tklaw.com

Nathaniel Peter Holzer     ecf@jhwclaw.com, mgaddis@jhwclaw.com

Kevin M Maraist     kmaraist@albmlaw.com

Christine A March     christine.a.march@usdoj.gov,

Michelle A Mendez    mmendez@jenkens.com

John E Mitchell    jmitchell@velaw.com, tramsey@velaw.com

Trey A Monsour    monsourt@haynesboone.com,

Matthew Ray Reed    matt.reed@tklaw.com,

Peter Michael Reed    sragsdale@mvbalaw.com, kmorriss@mvbalaw.com

Edward L Ripley    eripley@bakerlaw.com,

Stephen A Roberts    stephen.roberts@strasburger.com,
angela.dunn@strasburger.com;donna.krupa@strasburger.com;duane.brescia@strasburger.com

Bruce J Ruzinsky    bruzinsky@jw.com,

Phil F Snow    philsnow@snowfogel.com, janissherrill@snowfogel.com;lauraterrell@snowfogel.com

US Trustee    USTPRegion07.CC.ECF@USDOJ.GOV

Julie Ann Walker    jwalker@milmen.com, shanna@milmen.com

Diana Merrill Woodman    woodmand@tklaw.com

**06-20152 Notice will not be electronically mailed to:**

John P Dillman
Linebarger Goggan et al
1301 Travis Street
Ste 300
Houston, TX 77002

Peter M Gilhuly
Lathan Watkins
633 West Fifth Street
Ste 4000
Los Angeles, CA 90071-2007

Michael M Greger
Allen Matkins et al
1900 Main St
5th Flr
Irvine, CA 92614-7321

Lawrence A Katz
Venable LLP
8010 Towers Crescent Dr
Ste 300
Vienna, VA 22182

Robin E Phelan
Haynes and Boone
901 Main St
Ste 3100
Dallas, TX 75202-3789

Craig A Ryan
Onebane Law Firm
1200 Camellia Blvd
Ste 300
Lafayette, LA 70508

Jay M Spillane
Fox Spillane LLP
1880 Century Park East
Ste 1004
Los Angeles, CA 90067

B 250A
(8/96)

# United States Bankruptcy Court

Southern _____ District Of_ Texas _____

In re   Davis Petroleum Corporation, et al. ,   )
                        Debtor                   )   Case No. 06-20152
                                                 )
                                                 )   Chapter 11
        The Nancy Sue Davis Trust               )
                       Plaintiff                 )
                                                 )
              v.                                 )
        Davis Petroleum Corporation, et al. ,   )   Adv. Proc. No. 06-2062
                       Defendant                 )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk | Clerk, United States Bankruptcy Court |
|---|---|
| | 1133 N. Shoreline Blvd. |
| | Corpus Christi, Texas 78401 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Robin E. Phelan  /  Trey A. Monsour |
| Haynes and Boone, LLP    901 Main Street, Suite 3100 |
| Dallas, Texas 75202 |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
*Clerk of the Bankruptcy Court*

_____          By:_____
         Date                              Deputy Clerk

## CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the
(name)
service of process was, not less than 18 years of age and not a party to the matter concerning which service of
process was made. I further certify that the service of this summons and a copy of the complaint was made
_____ by:
(date)

☐ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:


☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:


☐ Residence Service: By leaving the process with the following adult at:


☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed
to the following officer of the defendant at:


☐ Publication: The defendant was served as follows: [Describe briefly]


☐ State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]                                                    (name of state)


Under penalty of perjury, I declare that the foregoing is true and correct.


_____          _____
          Date                                              Signature

| Print Name | | |
| Business Address | | |
| City | State | Zip |