# EXHIBIT 70

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY JUDGMENT**

**From:** Voyticky, David
**Sent:** 5/10/2005 1:10:29 AM
**To:** Davis, Gregg; Mesdag, Will
**CC:**
**Subject:** RE: Davis Petroleum

Evercore's proposal envisioned a board of 7 which would consist of 4 members designated by Evercore/DPAC, G. Davis, G. Canjar and a representative of the Davis Family Trusts. Evercore may welcome expansion of the board to 9 as Bryan has indicated that he, Austin, Will Hiltz plus their industry executive would be on the board from their side. If all three Evercore guys and their industry executive sit on the board, they would have to expand to 9 members to provide a seat for Stuart. Regardless, Evercore will insist that they have a majority of the votes, so one of the additional seats will have to be designated to vote alongside the other Evercore directors.

By the way I talked with Stuart this evening. He said that he understands the competitive nature of our process and wanted to thank us for including him in the deal. He has gone thru Evercore's term sheet and did not see any issues for him. He asked for an update on timing of due diligence and documentation. I told him that it would be driven by the independent director but Evercore had completed the majority of their business due diligence.

-----Original Message-----
From: Davis, Gregg
Sent: Mon 5/9/2005 5:28 PM
To: Mesdag, Will
Cc: Voyticky, David
Subject: Davis Petroleum

Guys, I forgot something very important. I had told Mike McGuire he would have a board possition. He saw the offer document today and the board make-up and saw he was left out. He reminded me it was a deal point with him when he came that if he forfieted orri's, he wants some involvement on the board. I told him I would honor my commitment and told him it was an oversight. How do we handle this with Evercore? It means they will need to add a member. Email me or call. Gregg
--------------------------
Sent from my BlackBerry Wireless Handheld

Confidential

NEWD00364879

# EXHIBIT 71

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN
SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE
DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND
ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY
JUDGMENT**

# Exhibit 13

Davis Petroleum Corp. / Davis Offshore
Projected Cash Flow by Week

| Week Ending | 2/17 | 2/24 | 3/3 | 3/10 | 3/17 | 3/24 | 3/31 | 4/7 | 4/14 | 4/21 | 4/28 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DPC Gross Cash Receipts | 13,381 | 1,799,033 | 5,691,181 | 62,891 | - | 1,523,180 | 4,462,497 | 384,559 | - | 1,599,603 | 4,399,935 |
| DPC SBA Advances Payable - Wells | | 71,000 | | | | | | | | | (25,094) |
| DOLP - Lorien Cash Receipts | | | | | | | | | | | |
| DOLP - Bellis Cash Receipts | | 267,283 | 1,863,493 | 300,000 | | 300,000 | 785,000 | | | | |
| AR (JIB) | 889,572 | | | | | 800,000 | | | | | |
| Prepaid Sales | | | | | | | | | | | |
| **Total Sources of Cash** | 902,953 | 2,136,296 | 7,554,674 | 362,891 | - | 2,623,180 | 5,247,497 | 384,559 | - | 1,599,603 | 4,374,601 |
| **Davis Offshore** | | | | | | | | | | | |
| Pioneer (Clipper) | | | (7,523,130) | | | (432,726) | | | | | |
| LLOG (Billing) | | | (1,513,272) | | | (1,514,017) | | | | | |
| Nobili (Billing) | | | (1,826,110) | | | (1,690,310) | | | | | |
| Plains (Schooner) | | | (447,420) | | | | (557,031) | | | | |
| OGS Offshore Salaries | | | | | | | | | | | |
| Lease Operating Expenses | | | (71,285) | | | (42,602) | | | | | (45,137) |
| **Davis Offshore - Subtotal** | | | (11,380,277) | | | (3,649,657) | (557,031) | | | | (45,137) |
| **Davis Petroleum Co. (DPC)** | | | | | | | | | | | |
| Field Checks | (6,500) | (241,000) | (1,462,432) | (650,000) | | (619,807) | | | | | (470,222) |
| Lease Operating Expenses & Taxes | (575,040) | | (3,465,914) | | | (472,207) | | (3,697,943) | | | (3,285,330) |
| Royalty Suspense Payments | (51,688) | | | | | | | | | | |
| Revenue Distribution | | | | (500,000) | | (354,300) | | | | (275,297) | (151,505) |
| Land Cost | | (283,274) | | | | | | | | (2,494,492) | (2,442,559) |
| Delay Rentals | | | | | | | | | (2,508,072) | | |
| Drilling and Completion Costs | | | | | | | | | | | |
| Well Cost Initiation Adjustment | | | (308,852) | | | | | | | | |
| Drilling and Completion Costs - Prepayment Disbursements | | | (77,783) | | | | | | | | |
| Drilling & Completion Costs - A/P Disbursements | | | (246,316) | (1,842,993) | (1,249,694) | (15,443) | (3,999,552) | (3,697,943) | | | (2,285,550) |
| **DPC - Subtotal** | (633,428) | (524,274) | (5,176,691) | (2,992,993) | (1,249,694) | (1,462,497) | (3,999,552) | (3,697,943) | (2,508,072) | (3,259,789) | (6,623,948) |
| **Professional Fees** | | | | | | | | | | | |
| Thompson & Knight | (216,000) | (150,000) | | (75,000) | | | (350,000) | | (150,000) | | (350,000) |
| FTI | (152,720) | (55,000) | | (75,000) | | | | | (150,000) | | |
| Vinson & Elkins (Bank of America Counsel) | (328,021) | | | (75,000) | | | | | (75,000) | | |
| Alvarez & Marsal (Bank of America Advisors) | | | (35,000) | (75,000) | | | | (35,000) | (75,000) | | |
| Creditors Committee Counsel | | | (310,000) | | | | | (410,000) | | | |
| CMcInerny Leg (Evercore - Old Deal) | | | (54,654) | | | | | (54,854) | | | |
| Lapoyn (Evercore - Old Deal) | | | (388,916) | | | | | | | | |
| **Professional Fees - Subtotal** | (216,000) | (205,000) | (388,616) | (375,000) | (802,720) | | (350,000) | (653,554) | (525,000) | | |
| **Other G&A Expenses** | | | | | | | | | | | |
| Insurance | (788,858) | | | | | | | (152,730) | (152,730) | | (138,662) |
| Location | (152,720) | (152,720) | | | (152,720) | | (350,000) | (350,000) | (350,000) | | |
| ADCO | (328,021) | (328,021) | | | (350,000) | | | (410,000) | | | (39,197) |
| Payroll | | | | | | | | | | | |
| American Express | | | | | | | | | | | |
| Other Overhead | | | | | | | (244,521) | | | | |
| Def. Comp. Payroll | | | | | | | (65,653) | | | | |
| Rent (Texas and Colorado) | | | | | | | (653,024) | | | | |
| **Other G&A Expenses - Subtotal** | (1,269,339) | (480,791) | (398,834) | | (603,720) | | (350,000) | (653,554) | (603,730) | | (350,000) |
| **Financing Costs** | | | | | | | | | | | |
| Bank of America Interest | (149,192) | | | | | | (244,521) | | | | |
| Bank of America Fee | (302,033) | | | | | | (65,653) | | | | |
| Hedge Interest | (49,996) | | | | | | (653,024) | | | | |
| Stanley Bridge Interest | | | | | | | (534,709) | | | | |
| Sankaty Interest | | | | | | | | | | | (177,659) |
| **Financing Expenses - Subtotal** | (501,220) | | | | | | (1,498,889) | | | | (177,659) |
| **Total Uses of Cash** | (2,619,986) | (1,310,025) | (17,343,348) | (3,367,993) | (1,752,224) | (5,112,116) | (6,405,502) | (4,350,597) | (3,535,692) | (3,259,789) | (9,186,541) |
| Net Change in Cash | (1,716,033) | 848,241 | (9,788,673) | (3,005,101) | (1,752,224) | (2,488,925) | (1,158,005) | (3,965,547) | (3,535,802) | (1,660,186) | (4,822,040) |
| Beginning Cash | 9,957,853 | 8,241,820 | 9,090,061 | (698,612) | (3,703,713) | (5,455,930) | (7,944,863) | (9,102,868) | (13,088,415) | (16,604,217) | (18,264,404) |
| **Ending Cash** | 8,241,820 | 9,090,061 | (698,612) | (3,703,713) | (5,455,938) | (7,944,863) | (9,102,868) | (13,068,415) | (16,604,217) | (18,264,404) | (23,086,444) |
| **Excluded Cash Balances:** | | | | | | | | | | | |
| Joint Interest Prepayments | (10,058,149) | (10,058,149) | (10,058,149) | (10,058,149) | (10,058,149) | (10,058,149) | (10,058,149) | (6,841,005) | (6,750,067) | (4,117,515) | (4,117,515) |
| A/P and Held Checks Pertaining to Partner Interest | (5,564,320) | (5,564,320) | (5,564,320) | (6,154,752) | (4,654,582) | (4,654,582) | (2,924,488) | (2,924,488) | (3,263,390) | (4,112,676) | (3,185,189) |
| December 2005 Partner Share Distribution | (3,465,914) | (4,554,499) | (3,697,943) | (3,697,943) | (3,697,943) | (4,528,384) | (6,961,333) | (3,263,390) | (4,112,676) | (1,191,194) | |
| Royalty Payments in Suspense | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (873,599) | |
| Deferred Compensation | (873,599) | (873,599) | (873,599) | (873,599) | (873,599) | (873,599) | (873,599) | (873,599) | | | |
| **Total Excluded Cash** | (21,153,180) | (22,041,726) | (21,385,209) | (20,955,838) | (20,455,817) | (21,316,259) | (20,791,828) | (14,169,188) | (12,076,251) | (10,294,805) | (9,367,498) |
| **Adjusted Net Available Operating Cash** | (12,911,360) | (12,951,663) | (22,083,821) | (24,659,371) | (25,941,755) | (29,261,121) | (29,894,694) | (27,237,603) | (28,692,469) | (28,559,338) | (32,453,942) |

Privileged and Confidential; Attorney Client Work Product

Davis Petroleum Corp. / Davis Offshore
Projected Cash Flow by Week

| Week Ending | 6/5 | 6/12 | 5/19 | 5/26 | 6/2 | 6/9 | 6/16 | 6/23 | 6/30 | 7/7 | 7/14 | 7/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DPC Gross Cash Receipts | $ 335,593 | $ — | $ — | 5,370,244 | 317,395 | — | — | $ 2,021,462 | 5,733,384 | 338,379 | $ — | $ 1,977,660 |
| DPC Risk Adjustment – New Wells | | | | (260,769) | | | | | (302,708) | 1,707,191 | | |
| DOLP – Lariat Cash Receipts | | | 1,800,427 | | | | | | | | | |
| DOLP – Bellic Cash Receipts | | | | 200,000 | | | | | 785,000 | | | |
| AR (AB) | | | | | | | | | | | | |
| Prepaid Sales | | | | | | | | | | | | |
| **Total Sources of Cash** | $ 335,593 | $ — | 1,800,427 | 5,349,475 | 317,395 | — | — | $ 2,021,462 | 4,307,359 | 2,105,579 | $ — | $ 1,977,660 |
| | | | | | | | | | | | | |
| **Davis Offshore** | | | | | | | | | | | | |
| Pioneer (Clipper) | (3,882,000) | | | | | | | | (2,118,000) | | | |
| LLOG (Bella) | (2,052,316) | | | | | | | | (3,212,219) | | | |
| Noble (Lorien) | (2,546,826) | | | | | | | | | | | |
| Pitha (Schooner) | | | | | | | | | | | | |
| COG (Offshore Salaried) | | | | | | | | | (657,031) | | | |
| Lease Operating Expenses | | | | (90,837) | | | | | (177,357) | | | |
| **Davis Offshore – Subtotal** | (8,491,142) | | | (90,837) | | | | | (6,164,587) | | | |
| | | | | | | | | | | | | |
| **Davis Petroleum Co. (DPC)** | | | | | | | | | | | | |
| Hold Checks | | | | | | | | | | | | |
| Lease Operating Expenses & Taxes | | | | (465,226) | (3,185,169) | | | | (518,079) | | | |
| Revenue Distribution | | | | | | | | | (4,055,928) | | | |
| Royalty Suspense Payments | | | | | | | | | | | | |
| Land Cost | | | | | | (500,000) | | | | | | |
| Delay Rentals | | | | (207,507) | | | | | (11,719) | | | |
| Drilling and Completion Costs | | | | (1,202,949) | (35,000) | | | | 1,977,036 | | | |
| Well Cost Initiation Adjustment | | | | | (410,000) | | | | | (35,000) | | |
| Drilling and Completion Costs – Prepayment Disbursements | | | | | | (900,000) | | | | (410,000) | | |
| Drilling and Completion Costs – A/P Disbursements | (2,000,000) | | | | (54,856) | | | | | (54,856) | | |
| **DPC – Subtotal** | (2,000,000) | | | (1,896,712) | (3,185,169) | (900,000) | | | (6,562,752) | | | |
| | | | | | | | | | | | | |
| **Professional Fees** | | | | | | | | | | | | |
| Thompson & Knight | | | | | | | | | | | | |
| FTI | | | | | | | | | | | | |
| Vinson & Elkins (Bank of America Counsel) | (35,000) | (350,000) | | (350,000) | (35,000) | (350,000) | | | (350,000) | (35,000) | (350,000) | (350,000) |
| Alvarez & Marsal (Bank of America Advisory) | (410,000) | | | | (410,000) | | | | | (410,000) | | |
| Creditors Committee Counsel | | | | | | | | | | | | |
| Old Harvey Legal (Everson – Old Deal) | (54,856) | | | | (54,856) | | | | | (54,856) | | |
| Lapeyre (Everson – Old Deal) | | | | | | | | | | | | |
| **Professional Fees – Subtotal** | (499,856) | (350,000) | | (350,000) | (499,856) | (350,000) | | | (350,000) | (499,856) | (350,000) | (350,000) |
| | | | | | | | | | | | | |
| **Other G&A Expenses** | | | | | | | | | | | | |
| Insurance | | | | | | | | | | | | |
| Location | | | | | | | | | | | | |
| AODCO | | | | | | | | | | | | |
| Payroll | | | | | | | | | | | | |
| American Express | | | | | | | | | | | | |
| Other Overhead | | | | | | | | | | | | |
| Del. Comp. Payout | | | | | | | | | | | | |
| Rent (Texas and Colorado) | | | | | | | | | | | | |
| **Other G&A Expenses – Subtotal** | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **Financing Costs** | | | | | | | | | | | | |
| Bank of America Interest | | | | | | | | | (138,682) | | | |
| Bank of America Fee | | | | | | | | | | | | |
| Hedge Interest | | | | | (39,197) | | | | (29,197) | | | |
| Sanlaap Bridge Interest | | | | | | | | | (807,897) | | | |
| Subchapter Interest | | | | | (138,462) | | | | (528,545) | | | |
| **Financing Expenses – Subtotal** | | | | | (177,659) | | | | (1,374,601) | | | |
| | | | | | | | | | | | | |
| **Total Uses of Cash** | $ (11,190,876) | $ (350,000) | $ (2,117,515) | $ (2,206,949) | $ (3,862,893) | $ (850,000) | $ — | $ — | $ (14,351,640) | $ (493,834) | $ (350,000) | $ — |
| | | | | | | | | | | | | |
| Net Change in Cash | (10,845,382) | (350,000) | (317,088) | 2,698,527 | (3,545,497) | (850,000) | — | 2,021,462 | (8,144,280) | 1,605,737 | (350,000) | 1,977,660 |
| Beginning Cash | (23,066,444) | (33,931,826) | (34,161,830) | (34,498,914) | (32,399,383) | (35,944,874) | (36,794,874) | (36,794,874) | (34,773,412) | (42,917,687) | (41,311,960) | (41,661,960) |
| Ending Cash | $ (33,911,826) | $ (34,281,826) | $ (34,498,914) | $ (32,399,383) | $ (35,944,874) | $ (36,794,874) | $ (36,794,874) | $ (34,773,412) | $ (42,917,687) | $ (41,311,960) | $ (41,661,960) | $ (39,684,300) |
| | | | | | | | | | | | | |
| **Excluded Cash Balances:** | | | | | | | | | | | | |
| Joint Interest Prepayments | (2,117,515) | (2,117,515) | | | | | | | | | | |
| A/P and Held Checks Pertaining to Partner Interest | (3,185,169) | (3,185,169) | (4,245,337) | | (4,055,925) | (4,055,925) | (4,055,925) | (5,173,378) | (4,288,823) | (4,288,823) | (4,288,823) | (5,235,004) |
| December 2005 Revenue Distribution | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) | (1,191,194) |
| Royalty Payments in Suspense | (873,599) | (873,599) | (873,599) | | | | | | | | | |
| Deferred Compensation | | | | | | | | | | | | |
| **Total Excluded Cash** | $ (7,367,499) | $ (7,367,499) | $ (6,310,171) | $ (8,432,309) | $ (5,347,120) | $ (5,247,120) | $ (5,247,120) | $ (6,394,574) | $ (6,478,017) | $ (5,478,017) | $ (5,478,017) | $ (6,427,198) |
| | | | | | | | | | | | | |
| **Adjusted Net Available Operating Cash** | $ (41,299,324) | $ (41,649,324) | $ (40,809,085) | $ (40,831,697) | $ (41,191,994) | $ (42,041,994) | $ (42,041,994) | $ (41,137,988) | $ (49,395,714) | $ (46,789,977) | $ (47,139,977) | $ (46,111,498) |

Privileged and Confidential; Attorney Client Work Product

3/2/2006 1:15 PM

**Davis Petroleum Corp. / Davis Offshore**
**Projected Cash Flow by Week**

| Week Ending | 7/28 | 8/4 | Total |
|---|---|---|---|
| DPC Gross Cash Receipts | | 5,939,504 | 43,871,569 |
| DPC Risk Adjustment - New Wells | | (313,350) | (313,350) |
| DOLP - Luken Cash Receipts | | 3,573,782 | 5,411,553 |
| DOLP - Brillo Cash Receipts | | 2,040,045 | 2,040,045 |
| AR (AB) | | | 3,640,348 |
| Prepaid Sales | 385,000 | | 2,675,000 |
| **Total Sources of Cash** | **385,000** | **11,239,661** | **57,016,334** |
| | | | |
| **Davis Offshore** | | | |
| Pioneer (Clipper) | | (2,000,000) | (16,355,658) |
| LLOG (Brilla) | | | (5,570,608) |
| Noble (Luken) | | | (8,944,483) |
| Plains (Schooner) | | | (447,420) |
| CGG (Offshore Seismic) | | | (1,114,023) |
| Lease Operating Expenses | (324,358) | | (731,350) |
| **Davis Offshore - Subtotal** | **(324,358)** | **(2,000,000)** | **(33,742,767)** |
| | | | |
| **Davis Petroleum Co. (DPC)** | | | |
| Held Checks | | | (3,076,759) |
| Lease Operating Expenses & Taxes | (505,183) | | (3,027,657) |
| Revenue Distribution | (4,285,622) | | (21,835,183) |
| Royalty Suspense Payments | | | (61,888) |
| Land Cost | | | (1,000,000) |
| Delay Rentals | (134,478) | | (1,422,140) |
| Drilling and Completion Costs | (1,571,951) | | (7,284,509) |
| Well Cost Inflation Adjustment | | | - |
| Drilling and Completion Costs - Prepayment Disbursements | | | (8,910,078) |
| Drilling and Completion Costs - A/P Disbursements | | | (9,651,658) |
| **DPC - Subtotal** | **(6,003,445)** | | **(57,002,871)** |
| | | | |
| **Professional Fees** | | | |
| Thompson & Knight | | | (440,000) |
| FTI | | | (375,000) |
| Vinson & Elkins (Bank of America Counsel) | | | (205,000) |
| Alvarez & Marsal (Bank of America Advisors) | | | (160,000) |
| Creditors Committee Counsel | | (35,000) | (150,000) |
| O'Melveny (Evercore - Old Deal) | | (10,000) | (98,000) |
| Lawyers (Evercore - Old Deal) | | | (77,763) |
| **Professional Fees - Subtotal** | | | **(1,706,519)** |
| | | | |
| **Other G&A Expenses** | | | |
| Insurance | | | (709,596) |
| Loxton | | | (762,681) |
| ADCO | (350,000) | | (4,156,042) |
| Payroll | | | (205,000) |
| American Express | | | (210,000) |
| Other Overhead | | | (1,960,000) |
| Def. Corp. Payout | | | (672,699) |
| Rent (Texas and Colorado) | | (54,834) | (529,032) |
| **Other G&A Expenses - Subtotal** | **(350,000)** | **(59,834)** | **(8,008,680)** |
| | | | |
| **Financing Costs** | | | |
| Bank of America Interest | | (140,824) | (953,322) |
| Bank of America Fee | | | (302,033) |
| Hedge Interest | | (39,197) | (273,419) |
| Sawicky Bridge Interest | | | (1,331,021) |
| Sawicky Interest | | | (1,053,554) |
| **Financing Expenses - Subtotal** | | **(181,821)** | **(3,912,149)** |
| | | | |
| **Total Uses of Cash** | **(7,277,802)** | **(2,281,655)** | **(104,585,253)** |
| | | | |
| Net Change in Cash | (6,882,802) | 8,958,007 | (47,566,940) |
| Beginning Cash | (39,684,300) | (46,567,102) | 9,557,853 |
| **Ending Cash** | **(46,567,102)** | **(37,609,096)** | **(37,609,096)** |
| | | | |
| **Excluded Cash Balances:** | | | |
| Joint Interest Prepayments | | | - |
| A/P and Held Checks Pertaining to Partner Interest | (949,181) | (3,800,000) | (3,800,000) |
| December 2005 Revenue Distribution | (1,191,194) | (1,191,194) | (1,191,194) |
| Royalty Payments in Suspense | | | - |
| Deferred Compensation | | | - |
| **Total Excluded Cash** | **(2,140,376)** | **(4,991,194)** | **(4,991,194)** |
| | | | |
| **Adjusted Net Available Operating Cash** | **(48,707,478)** | **(42,600,290)** | **(42,600,290)** |

Privileged and Confidential; Attorney Client Work Product

# EXHIBIT 72

**INTENTIONALLY REMOVED AS HIGHLY CONFIDENTIAL.**

**TO BE FILED UNDER SEAL**

# EXHIBIT 73

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN
SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE
DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND
ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY
JUDGMENT**

## Steinberg, Howard

| | |
|---|---|
| **From:** | Jane Rue Wittstein [jruewittstein@JonesDay.com] |
| **Sent:** | Thursday, June 21, 2007 10:55 AM |
| **To:** | Steinberg, Howard |
| **Cc:** | msbergman@JonesDay.com; Strub, Michael; Robin.Phelan@haynesboone.com; Trey.Monsour@haynesboone.com; Sarah M Friedman |

**Subject:** Re: Davis

Dear Howard:

Again without agreeing with any of your premises on purported conflicts and without waiving any objections or applicable privileges, my earlier e-mail included the total of all O'Melveny billings to Evercore for the 2005-2006 time period without regard to office and inclusive of its representation of Evercore in connection with advisory services performed relating to GM/GMAC .

Jane Rue Wittstein
Jones Day
222 East 41st Street
New York, New York 10017-6702
Phone: (212) 326-3415
Fax: (212) 755-7306
E-mail: jruewittstein@jonesday.com
Website: www.jonesday.com

---

"Steinberg, Howard" <HSteinberg@irell.com>

06/21/2007 11:00 AM

To jruewittstein@JonesDay.com

cc msbergman@JonesDay.com, "Strub, Michael" <MStrub@irell.com>, Robin.Phelan@haynesboone.com, Trey.Monsour@haynesboone.com

Subject Re: Davis

```
Dear Jane,                                        While I recall discussing with you the fact that
O'Melveny did work for Evercore, I have no recollection of stating that it was principal outside counsel. As
you well know, whether it was principal outside counsel or whether  the Los Angeles office performed services
is not dispositive with respect to the conflict issue. While you have provided the amount of billings, I cannot
tell from your statement whether you are referring to billings by the firm as a whole or the amount of billings
by any particular office of the firm. Please clarify your answer and the time periods you are referring to.
Does your answer include all billings, including the firm's billings for representing Evercore in the GMAC
deal?
-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Jane Rue Wittstein <jruewittstein@JonesDay.com>
To: Steinberg, Howard
Cc: Marla S Bergman <msbergman@JonesDay.com>; Strub, Michael; Phelan, Robin E. <Robin.Phelan@haynesboone.com>;
Monsour, Trey A. <Trey.Monsour@haynesboone.com>
Sent: Thu Jun 21 07:26:38 2007
Subject: Re: Davis
```

Dear Howard:

I am not certain I understand the first of your questions below.  The documents we are producing are voluminous, and documents that are not produced are subject to multiple objections.  More importantly, I don't understand how you believe we have misstated the Court's rulings, and believe that the transcript reflects that the Court  confirmed that discovery should be relevant to the issues necessary to deciding the pending motions, and that the Court specifically narrowed the issue to be addressed on these motions to allegations of fraud.

That said, I cannot identify any category of documents which we are withholding specifically based on our statement of the Court's ruling which would not otherwise be subject to some other stated objection, including the time limitation directed by the Court.

As to your second question, you had mentioned during a call several months back that you believed that O'Melveny was the principal outside counsel to Evercore and believed this presented a conflict.  We take issue with both your characterization and with the relevance of any allegations concerning what work O'Melveny may have performed for Evercore Partners, which has no relationship to any allegations of your complaint.  Without in any way waiving our objections, and without waiving any applicable privileges, I have confirmed that your understanding as stated above was completely without foundation and that the Los Angeles office of O'Melveny did not perform any legal services for Evercore during 2005 or 2006.  In addition, the total amount of billings for Evercore on unrelated matters during that period by any office of O'Melveny was less than two hundred thousand dollars.

Regards, Jane

Jane Rue Wittstein
Jones Day
222 East 41st Street
New York, New York 10017-6702
Phone: (212) 326-3415
Fax: (212) 755-7306
E-mail: jruewittstein@jonesday.com
Website: www.jonesday.com


"Steinberg, Howard" <HSteinberg@irell.com>


06/13/2007 06:05 PM
To
                jruewittstein@JonesDay.com, "Marla S Bergman" <msbergman@JonesDay.com>
cc
                "Monsour, Trey A." <Trey.Monsour@haynesboone.com>, "Phelan, Robin E."
<Robin.Phelan@haynesboone.com>, "Strub, Michael" <MStrub@irell.com>
Subject
                Davis




Dear Marla and Jane,

    In the Responses to the Requests for Production of Documents your office prepared,  your General Objection no. 9 states in part:  "The Davis Acquisition Entities will produce documents in accordance with the Court's May 11, 2007 rulings limiting discovery to (a) the issues necessary to decide the pending summary judgment motion, specifically the issue of whether there was fraud in the procurement of the May 31, 2006 Confirmation Order and (b) the Davis Acquisition Entities' knowledge, awareness, facts or events for the time period September 1, 2004 through March 31, 2006, notwithstanding the actual date of the document or communication."

    I believe this objection mischaracterizes the Court's rulings.  While the Court did place restrictions on the dates for which discovery must be produced at this time, I think the balance of the your depiction of the ruling is incorrect.  Whether we have an issue that requires further discussion is dependent upon your knowing what, if any, documents that have been requested  you are not producing(save for those outside the date parameters as limited by your objection) as a consequence of this objection.  Please let us know either by a document description or some other means that allows us to understand what you are withholding as a consequence of this particular objection.

    We also note that Evercore Capital Partners II, LLP has refused to produce documents responsive to request no. 95.  Issues pertaining to the need for these documents were not addressed at the hearing.  It is our understanding that O'Melveny represented Evercore at the same time it represented the independent director and at the time it was participating in sale discussions following the independent director's resignation. This is relevant to the issue of whether the confirmation process was arms' length as represented to the Court and

equityholders. We will consider modifying this request at this time to reduce the documents called for in this production but will not accept your position to refuse to provide any documents pertaining to this issue. Please let me know how you would like to proceed.

    Thank you.

Regards,

Howard Steinberg
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067
Phone:  (310) 203-7974
Fax:     (310) 203-7199
Email:   hsteinberg@irell.com

ccmailg.irell.com made the following annotations--------------------------------------------------------------
------PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you. --------------------------------------
-------------------------------

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

ccmailg.irell.com made the following annotations--------------------------------------------------------------
------PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

-----------------------------------------------------------------------

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

# EXHIBIT 74

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY JUDGMENT**

| TARGET / DEAL VALUE AND ANNOUNCEMENT DATE (RANKED BY VALUE) | TARGET'S LEGAL ADVISER[1] | FIRM'S CLIENT AND ROLE | BIDDER | BIDDER'S LEGAL ADVISER[1] | FIRM'S CLIENT AND ROLE |
|---|---|---|---|---|---|
| GMAC (auto financing) $14 billion; 4/3/06 | O'Melveny & Myers | Evercore Partners (financial adviser) | Aozora Bank, Cerberus, Citigroup | Cleary Gottlieb Steen & Hamilton | Citigroup and Aozora Bank |
| | Jenner & Block | Corporate issues | | Debevoise & Plimpton | Cerberus (special insurance regulatory counsel) |
| | **Kirkland** | Lead adviser to GMAC | | Freehills | Cerberus (Australian regulatory issues) |
| | Richards, Layton & Finger | Delaware counsel to GMAC | | Potter Anderson | Cerberus (Delaware counsel) |
| | Sidley[2] | Bank regulatory issues | | **Schulte Roth** | Lead counsel to the buyers |
| | Sullivan & Cromwell | Morgan Stanley (financial adviser) | | Sidley[2] | Citigroup |
| | Weil, Gotshal | General Motors board of directors | | | |

# EXHIBIT 75

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN
SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE
DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND
ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY
JUDGMENT**

## EXHIBIT A-1

**Listing of Parties-in-Interest Reviewed for Current Relationships**

Davis Petroleum Corporation
Davis Pipeline, LLC
Davis Offshore, LLP
Marvin Davis
Gregg Davis
Thompson & Knight
Sankaty Capital
Bain Capital
Bank of America

6

## EXHIBIT A-2

### Parties-in-Interest Noted for Court Disclosure

**Relationships in Matters Related to These Proceedings**

None

**Relationships in Unrelated Matters**

Bain Capital
Bank of America

7

# EXHIBIT 76

**ANNEXED TO THE DECLARATION OF HOWARD J. STEINBERG IN SUPPORT OF OPPOSITION OF PLAINTIFF THE NANCY SUE DAVIS TRUST TO MOTIONS OF NEW DAVIS DEFENDANTS AND ALBERT S. CONLY, LIQUIDATING TRUSTEE, FOR SUMMARY JUDGMENT**

103.  All Documents evidencing any Communications pertaining or relating to production and completion records of oil and gas wells in which the Debtors had an interest.

**Response:** FTI, in addition to its General Objections, objects to this request on the grounds that the request is overly broad and that it would be unduly burdensome to produce all documents involving communications relating to production and completion records of oil and gas wells in which the Debtors had an interest; furthermore, this request is not reasonably calculated to lead to the discovery of admissible evidence.

104.  All Documents evidencing or relating to the risk of the Debtors' properties being put in non-consent status.

**Response:** FTI, in addition to its General Objections, also objects to this request insofar on the grounds that no specific document is requested.  Subject to the foregoing objection and without waiving same, FTI is producing non-privileged documents responsive to this request.

105.  Documents pertaining to fees received by You from January 1, 2000 forward in connection with the performance of services for any Evercore related entity, including but not limited to:  (1) Evercore Group Holdings L.P.; (2) Evercore Group Holdings L.L.C.; (3) Evercore Advisors Inc.; (4) Evercore Group, Inc.;  (5) Evercore Properties, Inc.; (6) Evercore Partners L.L.C.; (7) Evercore Offshore Partners Ltd.; (8) Evercore Cayman L.P.; (9) Evercore Partners II L.L.C.; (10) Evercore Venture Management L.L.C.; (11) Evercore Founders L.L.C.; (12) Evercore Founders Cayman Ltd.; (13) Evercore Holdings; (14) Evercore Capital Partners II, LP; (15) Evercore Partners Inc. (Delaware); (16) Evercore Capital Partners 1; (17) Evercore Ventures; (18) Evercore Holdings; and (19) Evercore Asset Management LLC.

**Response:** FTI, in addition to its General Objections, objects to this request for production of documents on the basis of relevance and that the production of such documents is not reasonably calculated to lead to the discovery of admissible evidence.  FTI objects to this Request on the basis that it calls for the production of confidential and proprietary information about FTI clients which is not relevant to this case.

106.  Documents pertaining to fees received by You from January 1, 2000 forward in connection with the performance of services for Bain Capital or its affiliates.

**Response:** FTI, in addition to its General Objections, objects to this request for production of documents on the basis of relevance and that the production of such documents is not reasonably calculated to lead to the discovery of admissible evidence.  FTI objects to this Request on the basis that it calls for the production of confidential and proprietary information about FTI clients which is not relevant to this case.

107.  Documents pertaining to fees received by You from January 1, 2000 forward in connection with the performance of services for Bank of America.

**Response:** FTI, in addition to its General Objections, objects to this request for production of documents on the basis of relevance, excessive time period, and that the production of such

documents is not reasonably calculated to lead to the discovery of admissible evidence. FTI objects to this Request on the basis that if calls for the production of confidential and proprietary information about FTI clients which is not relevant to this case.

     108.    All Documents pertaining or relating to Your being retained by the Debtors.

**Response:** FTI, in addition to its General Objections, objects to this request for production of documents on the basis of relevance and that the production of such documents is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore FTI's application to be retained is on file with the Court and equally available to plaintiff. Subject to the foregoing objections and without waiving same, FTI is producing the FTI retention letter.

# EXHIBIT 77

**INTENTIONALLY REMOVED AS HIGHLY CONFIDENTIAL.**

**TO BE FILED UNDER SEAL**